ROBERT J. HERRINGTON (SBN 234417)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7816
Facsimile: 310-586-0219
E-mail: herringtonr@gtlaw.com

Attorneys for Defendant
Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

ALADDIN ZACKARIA,
individually and on behalf of other
members of the general public
similarly situated, and on behalf of
aggrieved employees pursuant to the
Private Attorneys General Act
("PAGA");

                    Plaintiffs,

        vs.

WAL-MART STORES, INC., a
Delaware corporation and DOES 1-
100, inclusive,

                    Defendants.

Case No.

**ED CV 12 - 01520 VAP SPx**

**NOTICE OF REMOVAL BY
DEFENDANT WAL-MART
STORES, INC. PURSUANT TO 28
U.S.C. SECTION 1332(D)(2) (CAFA)**

Complaint filed: August 3, 2011

FILED

2012 SEP -6  PM 2: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE

BY:

NOTICE OF REMOVAL

DEN 97,953,283v5



1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(b), and

3    1446, 1453 Defendant WAL-MART STORES, INC. ("Defendant" or "Wal-Mart")

4    hereby removes the action entitled *Zackaria, et al. v. Wal-Mart Stores, Inc., et al.*,

5    Case No. CIVRS1107132, from the Superior Court of the State of California, County

6    of San Bernardino, to the United States District Court for the Central District of

7    California. As set forth below, the Court has jurisdiction over this action pursuant to

8    the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. §§

9    1332(d) and 1453.

### I.    GENERAL INFORMATION

11    1.    On August 3, 2011, Plaintiff Aladdin Zackaria filed a complaint entitled

12    *Zackaria, et al. v. Wal-Mart Stores, Inc., et al.* in the Superior Court of the State of

13    California, County of San Bernardino, Case No. CIVRS1107132 (hereinafter the

14    "State Court Action"). The State Court Action was brought as a class and

15    representative action. Plaintiff alleges that Defendant misclassified current and

16    former employees who worked as Asset Protection Coordinators ("APCs") in

17    California stores as hourly, rather than salaried employees. Plaintiff alleges that

18    Defendant violated California law by, among other things, allegedly failing to pay

19    Plaintiffs and the class minimum wages and overtime, failing to provide meal and rest

20    breaks, and failing to keep appropriate records. Plaintiff seeks penalties under various

21    California statutes and regulations including: (a) the California Labor Code Private

22    Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 *et seq.*; (b)

23    California Code of Regulations 8 § 11070; and (c) Cal. Lab. Code § 210, as well as

24    liquidated damages, interest, attorneys' fees and costs. Plaintiff seeks to certify a class

25    of "[a]ll current and former California-based salaried 'Asset Protection Coordinators,'

26    or persons who held similar job titles and/or performed similar job duties, who

27    worked for Defendants within the State of California from four years preceding the

28    filing of this Complaint to final judgment." (Complaint at ¶ 13). In accordance with

1   28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint filed in

2   the Superior Court of the State of California, County of San Bernardino, and all

3   pleadings, process, and orders served upon Defendant are attached hereto as

4   Exhibit A.

5       2.   Defendant was served with the Summons and Complaint in the State

6   Court Action on August 8, 2011, via in person service on its registered agent in

7   California.

8       3.   Defendant Wal-Mart Stores, Inc. is the only named defendant in the State

9   Court Action.   The defendants designated as DOES 1 through 100 are fictitious

10  defendants, are not parties to the action, have not been named or served, and are

11  properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v.*

12  *Gen. Foods, Inc.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

13      4.   Wal-Mart initially removed this case on September 7, 2011 based on

14  CAFA.   Plaintiff filed a Motion to Remand on the ground that Wal-Mart had not

15  demonstrated that more than $5 million was at issue, which the Court granted on

16  December 5, 2011.   Concluding that the removal was premature, the Court explained,

17  "Wal-Mart could have waited for evidence that it is more likely than not that the

18  amount in controversy requirement in this case is satisfied.   At this time, however, the

19  Court finds Wal-Mart fails to satisfy its burden in invoking the Court's jurisdiction."

20  A copy of the Court's remand order is attached as Exhibit B.   Wal-Mart sought leave

21  to appeal the remand order, which the Ninth Circuit denied.

22      5.   After conducting extensive discovery in state court, Wal-Mart just recently

23  received documents and information that confirm that the $5 million amount-in-

24  controversy requirement of CAFA is satisfied.   Specifically, on August 7, 2012,

25  Plaintiff's counsel sent a demand for judgment in excess of $5 million, and on August

26  16, 2012, Plaintiff sat for deposition, providing testimony confirming that more than

27  $5 million is at issue in this case.   *Molina v. Lexmark Int'l, Inc.,* 2008 WL 4447678,

28  at *4 (C.D. Cal. Sept. 30, 2008) ("A document reflecting a settlement demand in

NOTICE OF REMOVAL                           3

1    excess of the jurisdictional minimum constitutes "other paper" sufficient to provide

2    notice that a case is removable and starts the thirty day window under § 1446(b).");

3    *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("We have

4    held that a demand letter sent during the course of the state court action can constitute

5    "other paper" within the meaning of section 1446(b) if it reflects a reasonable estimate

6    of the plaintiff's claim."; "we agree with the district court that Carvalho's deposition

7    testimony triggered the second thirty-day removal period").

8         6.    This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), "If the

9    case stated by the initial pleading is not removable, *a notice of removal may be filed*

10   *within thirty days after receipt by the defendant,* through service or otherwise, of a

11   copy of an amended pleading, motion, order *or other paper* from which it may first be

12   ascertained that the case is one which is or has become removable."  Here, the Court

13   found that the initial complaint was not removable.  As shown below, Plaintiff's

14   recent demand for judgment and deposition testimony each constitutes an "other

15   paper" that creates a basis for removal.  Based on Plaintiff's August 7, 2012 demand,

16   the deadline for removal would be September 6, 2012, the filing date of this Notice of

17   Removal.

18        7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §

19   1332(d)(2).

20        8.    Venue properly lies in the United States District Court for the Central

21   District of California because the State Court Action was filed in San Bernardino

22   County to 28 U.S.C. §§ 84(a) and 1391(a).

23                    **II.    INTRADISTRICT ASSGNMENT**

24        9.    Plaintiff filed this case in the Superior Court of California, County of San

25   Bernardino.  Therefore, this case may properly be removed to the Eastern Division of

26   the Central District of California.  28 U.S.C. § 1441(a).

27

28

NOTICE OF REMOVAL                4

### III.   CLASS ACTION FAIRNESS ACT JURISDICTION

10.   Pursuant to § 4 of the Class Action Fairness Act of 2005 ("CAFA" or "the Act"), 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

While there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none of them are applicable here.

11.   This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the defendant. 28 U.S.C. § 1332(d).

12.   As a preliminary matter, Defendant denies that it has any liability to Plaintiff or to the class he seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the Complaint. Defendant also submits that this action does not satisfy the requirements for class certification under Fed. R. Civ. P. 23. That said, Plaintiff's demand and recent deposition testimony demonstrate that the amount in controversy in this case exceeds the $5 million requirement, and the other requirements of CAFA are satisfied.

### A.   The Proposed Class Contains At Least 100 Members.

13.   Plaintiff brings this action on his own behalf, and as a class and representative action. (Complaint at ¶ 12). Plaintiff seeks to represent a class of current and former APCs, or persons with similar titles or responsibilities who work or worked for Defendant in the State of California from August 3, 2007 continuing through the date of judgment. (Complaint at ¶ 13).

1      14.   Plaintiff alleges that the proposed class that Plaintiff seeks to represent is

2    "greater than 100 individuals."  (Complaint at ¶ 15.a.)

3      15.   In fact, as of July 2012, Plaintiff's putative class included 357 individuals,

4    who have held the APC position.   (Declaration of Jennifer M. Keough ("Keough

5    Decl."), ¶ 4, attached as Exhibit I to Herrington Declaration)  Because the class period

6    continues to the "present," the number of persons in the proposed class will continue

7    to increase over time.

**B.**   **Defendant Is Not A State, State Official Or Other Government Entity.**

9      16.   Wal-Mart is not a state, state official or other governmental entity.

**C.**   **Amount In Controversy.**

11    Two independent events establish that removal is no longer premature, and the

12    amount-in-controversy requirement of CAFA is satisfied.  Either one of these, or both,

13    establish a basis to remove this action to federal court.[1]

**1.**   **Plaintiff's counsel's demand of judgment exceeding $5 million.**

15      17.   Plaintiff's counsel's recent correspondence confirms that more than $5

16    million is at issue in this case.  Plaintiff's counsel sent an email on August 7, 2012

17    stating:

> 18    We kindly request that Defendant stipulate that the Court shall enter
>
> 19    judgment in a sum greater than 5 million dollars if 1) if the Court
>
> 20    certifies this case, 2) Plaintiff proves liability at trial, and 3) Plaintiff
>
> 21    proves that the class is entitled to at least one penny from Defendant.
>
> 22    Please confirm that your client is agreeable. Thank you.

23    (Declaration of Robert Herrington, Ex. C.)

24      18.   Plaintiff has thus made a demand of judgment exceeding $5 million,

25    establishing that the amount in controversy requirement is satisfied.  *Molina*, 2008

---

[1]   In addition, Wal-Mart incorporates the arguments and evidence submitted with its prior removal and prior opposition to Plaintiff's Motion to Remand.  *See dela Fuente v. Humana Ins. Co.*, CV-11-0700-PHX-JAT, 2011 WL 4072021, at *3 (D. Ariz. Sept. 13, 2011) ("nothing bars the Court from considering Defendant's former arguments in light of its new and different grounds for removal.")

1   WL 4447678, at *4; *Carvalho* 629 F.3d at 885.

2                    **2.    Plaintiff's deposition testimony.**

3          19.   Plaintiff's recent deposition testimony separately confirms that more than

4   $5 million is at issue.  A copy of the relevant portions of Plaintiff's deposition is

5   attached as Exhibit E to the Herrington Declaration.

6          20.   Plaintiff seeks to recover compensatory damages on behalf of himself and

7   a putative class for the alleged failure to pay minimum wage, overtime, provide meal

8   periods and rest breaks and the failure to comply with various record keeping

9   provisions of the California Labor Code.  Plaintiff and the putative class also seek

10  civil penalties under PAGA, liquidated damages, restitution and disgorgement of

11  moneys allegedly owed, interest, costs and attorneys' fees.  To satisfy the amount in

12  controversy, Defendant need only establish that Plaintiff's claims exceed the

13  jurisdictional amount by a preponderance of the evidence.  *See Lewis v. Verizon*

14  *Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Lowery v. Ala. Power Co.*, 483

15  F.3d 1184, 1208-09 (11th Cir. 2006).

16         21.   Plaintiff's deposition testimony provides the basis for at least two

17  calculations of the damages at issue in this case, either of which demonstrates that the

18  amount in controversy exceeds $5 million.

19         22.   **First Computation of Amount In Controversy:**  At his deposition,

20  Plaintiff Zackaria testified that, throughout the 3 ½ years that he worked as an APC in

21  California, he consistently worked in excess of 60 to 70 hours per week, sometimes

22  more.  (*See* Zackaria Depo. at 169:18-172:16, 174:11-176:9, 179:17-180:2, 210:2-

23  215:5, 297:13-20.)  He also provided information regarding his salary during his time

24  at Wal-Mart.  (Zackaria Depo. at 91:17-92:25, 120:1-121:2.)  Using the lower figure

25  of 60 hours per week, and using Zackaria's actual salary during that time period, his

26  claim for overtime compensation alone exceeds $94,000.  (*See* Supplemental

27  Declaration of Ron Lance, ¶ 7 & Ex. A, attached as Exhibit J to Herrington

28  Declaration.)  A chart illustrating this calculation is attached as Exhibit F to the

NOTICE OF REMOVAL                          7

Herrington Declaration.

23. Zackaria further testified that he routinely was not able to take an uninterrupted meal break of one hour. (Zackaria Depo. at 42:6-10, 46:8-12, 170:18-171:8, 247:16-248:18.) Based upon this testimony, Zackaria is making an additional claim for unpaid wages of more than $11,000. A chart illustrating this calculation is attached as Exhibit G to the Herrington Declaration.

24. Based on Plaintiff's testimony, his individual overtime claim and his meal break claim alone total more than $105,000.

25. When these same computations are applied to the putative class, it is apparent that the amount in controversy exceeds $5 million.

26. As set forth above, the putative class Plaintiff seeks to represent includes at least 357 individuals who have held the APC position in California. (Keough Decl., ¶ 4, attached as Exhibit I to Herrington Declaration).

27. Plaintiff has alleged that his claim, which we now know to be for at least $105,000, is "typical" of those of the 357 putative class members. (Complaint ¶ 15(b) ("Plaintiff's claims are typical of all other class members' as demonstrated herein."). The Complaint alleges that the overtime, meal and rest break violations occurred for Plaintiff *and all class members*. (Complaint ¶ 19) ("Defendant hired Plaintiff and the other class members, misclassified them as 'exempt' employees, and paid them on a salary basis, without any compensation for overtime hours worked, missed meal periods or rest breaks.").

28. Plaintiff also repeatedly alleges that "at all material times" Wal-Mart failed to pay required overtime, minimum wages, and provide meal and rest periods to himself and the other putative class members that Plaintiff seeks to represent. (Complaint ¶ 37 ("At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and other class members. Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation."), ¶ 38 ("At all materials times set

1  forth herein, Defendants failed to provide all requisite uninterrupted meal and rest
2  periods to Plaintiff and the other class members."), ¶ 39 ("At all material times set
3  forth herein, Defendants failed to pay Plaintiff and the other class members at least
4  minimum wages for all hours worked."), ¶ 40 ("At all materials times set forth herein,
5  Defendants regularly and consistently failed to pay Plaintiff and the other class
6  members wages within any time permissible under California law"), ¶ 41 ("At all
7  material times set forth herein, Defendants regularly and consistently failed to provide
8  complete and accurate wage statements to Plaintiff and the other class members."), ¶
9  42 ("At all materials times set forth herein, Defendants regularly and consistently
10  failed to keep complete and accurate payroll records for Plaintiff and the other class
11  members."), ¶ 43 ("At all material times set forth herein, Defendants regularly and
12  consistently failed to properly compensate Plaintiff and other class members pursuant
13  to California law").)  Based on these allegations, Wal-Mart has demonstrated that the
14  violations Plaintiff alleges for himself also are alleged for all putative class members.
15  *See Butterworth v. Am. Eagle Outfitters, Inc.*, 1:11CV01203 LJO DLB, 2011 WL
16  4905641 (E.D. Cal. Oct. 14, 2011) *aff'd,* CV F 11-1203 LJO DLB, 2011 WL 5825700
17  (E.D. Cal. Nov. 17, 2011) ("Defendant need not infer or speculate to reasonably
18  conclude, from Plaintiff's own allegations, that a violation occurred during every pay
19  period").

20      29.  At his deposition, Plaintiff provided testimony that supports these
21  allegations.  Zackaria testified that he personally observed other APCs working hours
22  similar to him. (Zackaria Depo. at 178:9-179:9, 214:9-19.)  Zackaria further identified
23  by name eight APCs who informed him that they were routinely working 12-13 hours
24  per day. (Zackaria Depo. at 40:4-62:3.)    Zackaria therefore contends that the long
25  hours that he worked were typical of the hours worked by all APCs.

26      30.  Zackaria further testified that he attended meetings where 58 to 60 APCs
27  were present, and that during these meetings there were general complaints about the
28  hours worked by all of the APCs employed by Wal-Mart in California. (Zackaria

1  Depo. at 60:12-25.)

2      31.   Taking Plaintiff's "typical" claim for more than $105,000 and his

3  allegations that Wal-Mart committed similar violations as to other 357 putative class

4  members "at all material times," the amount in controversy exceeds **$24,000,000**.

5  This computation is illustrated in the chart attached as Exhibit H to the Herrington

6  Declaration.

7      32.   **Second Computation of Amount In Controversy:**   Zackaria also

8  testified that his regular schedule was more than 50 hours per week, that he often

9  worked more than 50 hours, and that APCs at other stores were scheduled to work the

10  same types of hours. (Zackaria Deposition at 174-180, 210-211.) This alleged 50

11  hours per week "schedule" would equate to 10 hours of overtime per week that

12  Plaintiff claims should have been compensated at 1.5 times the hourly rate.

13      33.   As of July, 2011, there were approximately 162 APCs working in more

14  than 180 California Wal-Mart stores.  (Supplemental Declaration of Ron Lance, ¶ 4.)

15  During the putative class period, the lowest bi-weekly salary amount for APCs was

16  $1,153.85, which equates to an hourly rate of $14.42.  (Supplemental Response to

17  Special Interrogatory No. 7, Ex. D to Herrington Declaration.)  There are currently

18  194 California stores, meaning that the class size is growing.  Plaintiff's putative class

19  period covers from August 3, 2007 to the present, a period of five years or 265 weeks

20  and increasing.  (Complaint ¶ 33).

21      34.   Based on the testimony, the overtime claim alone is equates to

22  approximately $9,000,000.  The calculation is as follows: minimum hourly rate of

23  ($14.42 x 1.5) = $21.63 overtime pay.  $21.63 x 10 hours per week overtime = $216.3

24  per week.  $216.3 x 260 weeks (the putative class period) = $56,238 overtime claim

25  for 1 APC.  $56,238 x 160 (number of APCs at any given time) = **$8,998,080**.

26      35.   Plaintiff also seeks attorneys' fees under various California statutes.

27  (Complaint, Prayer for Relief at ¶¶ 12, 14, 19). When a statute provides for a right to

28  seek attorneys' fees, potential attorneys' fees may also be included in determining the

NOTICE OF REMOVAL              10

1   amount in controversy. *See Lowdermilk v. U.S. Bank Nat'lAssoc.*, 479 F.3d 994 (9th

2   Cir. 2007); see also *Paul, Johnson, Alston Hunt v. Graulty*, 886 F.2d 268, 272 (9th

3   Cir. 1989) (fee awards generally range from 20% to 30% of recovery); *Smith v.*

4   *Cardinal Logistics Mgmt. Corp.*, Civ. A. No. 07-2104, 2011 WL 3667452, at *2-3

5   (N.D. Cal. Aug. 22, 2011).

6       36.   Plaintiff also seeks liquidated damages and PAGA penalties which may

7   be included in determining the amount in controversy. *See, e.g., Butterworth v. Am.*

8   *Eagle Outfitters, Inc.*, 1:11CV01203 LJO DLB, 2011 WL 4905641, at *5-6 (E.D. Cal.

9   Oct. 14, 2011) *aff'd,* CV F 11-1203 LJO DLB, 2011 WL 5825700 (E.D. Cal. Nov. 17,

10  2011) ("The Court has found that [CAFA] jurisdiction exists based solely on the

11  PAGA penalties").

12      37.   In sum, based on Plaintiff's demand for judgment, Plaintiff's deposition

13  testimony and the allegations of the Complaint, the amount in controversy in this case

14  exceeds the $5,000,000 threshold of 28 U.S.C. § 1332(d).

15      38.   Defendant provides the foregoing calculations only to demonstrate that the

16  amount in controversy in this case meets or exceeds the amount in controversy

17  requirement of the Act.   Defendant expressly denies and disputes the allegations

18  asserted by Plaintiff.   The calculations set forth herein are not, and should not, be

19  construed as admissions with respect to any liability or damages aspect of this case or

20  that any damages, penalties, attorneys' fees or other monies should be awarded to

21  Plaintiff or the putative class, or that any class should be certified under any state or

22  federal rule or statute.

23  **D.   Diversity.**

24      39.   Defendant is informed and believes that Plaintiff Zackaria was at the time

25  of commencing this action, and still is, a citizen of the State of California.  (Complaint

26  at ¶ 4).

27      40.   To determine a company's principal place of business, the Court should

28  apply the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

1  The question is where "a corporation's officers direct, control and coordinate the

2  corporation's activities." *Id.*  In practice, it "normally should be the place where the

3  corporation maintains its headquarters...." *Id.*

4      41.  Wal-Mart was, and still is, a corporation incorporated under the laws of

5  the State of Delaware with its corporate headquarters in the State of Arkansas.  Wal-

6  Mart operates retail discount stores in all 50 states.  (Lance Decl., ¶ 4, attached as

7  Exhibit K to Herrington Declaration).

8      42.  Because Wal-Mart's corporate headquarters are in Arkansas, and its

9  administrative and executive functions are performed at those headquarters, Arkansas

10  is Wal-Mart's principal place of business.

11      43.  Thus, Wal-Mart is a citizen of Delaware and Arkansas, and is not a citizen

12  of the State of California.

13      44.  Because Wal-Mart is a citizen of Delaware and Arkansas and Plaintiff is a

14  citizen of California, CAFA's minimal diversity requirement is met.

## IV.   CONCLUSION

16      45.  For the reasons stated above, removal pursuant to CAFA, 28 U.S.C. §

17  1332(d)(2), is appropriate.

18      46.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

19  being filed with the clerk of the Superior Court of California, County of San

20  Bernardino.

21      47.  Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of

22  the removal of this action to Plaintiff by serving Plaintiffs' counsel.

23      48.  Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and

24  order served upon Defendant are being filed with the Court contemporaneously with

25  this Notice of Removal, as Exhibit "A". By filing this Notice of Removal, Defendant

26  does not waive any jurisdictional objection or other defenses available to it under the

27  law.

28  ///

1    WHEREFORE, Defendant prays that the above action now pending against it in

2 the Superior Court of the State of California, County of San Bernardino, be removed

3 to this Honorable Court, and requests that this Court retain jurisdiction for all further

4 proceedings.

5

6 DATED:  September 6, 2012     GREENBERG TRAURIG, LLP

7

8               By:

9               Robert J. Herrington

10              Attorneys for Defendant
               Wal-Mart Stores, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

0/00/00       08:39      FIRST LEGAL SUPPORT      (951) 779-0100

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** WAL-MART STORES, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation and DOES 1 through 100, inclusive

<div style="border">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

AUG - 3 2011

BY _Kimberly Karrison_
DEPUTY
</div>

**YOU ARE BEING SUED BY PLAINTIFF:** ALADDIN ZACKARIA;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, and on behalf
of other members of the general public similarly situated; and on behalf of
aggrieved employees pursuant to the Private Attorneys General Act ("PAGA")

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Bernardino County Superior Court<br>Civil Division<br>8303 Haven Avenue<br>Rancho Cucamonga, California 91730-3848 | CASE NUMBER:<br>*(Número del Caso)*<br>**CIVRS1107132** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
R. Rex Parris, Esq.; Alexander R. Wheeler, Esq.        (661) 949-2595        (661) 949-7524
Kitty Szeto, Esq.; Douglas Han, Esq.
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109, Lancaster, California 93534

| | | | |
|---|---|---|---|
| DATE: AUG - 3 2011 | Clerk, by | _Kimberly Karrison_ | , Deputy |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

COPY

0/00/00      08:39      FIRST LEGAL SUPPORT      (951) 779-0100

1  R. Rex Parris (SBN 96567)
   Alexander R. Wheeler (SBN 239541)
2  Kitty Szeto (SBN 258136)
   Douglas Han (SBN 232858)
3  R. REX PARRIS LAW FIRM
   42220 10th Street West, Suite 109
4  Lancaster, California 93534
   Telephone (661) 949-2595
5  Facsimile (661) 949-7524

6  Edwin Aiwazian (SBN 232943)
   THE AIWAZIAN LAW FIRM
7  410 West Arden Avenue, Suite 203
   Glendale, California 91203
8  Telephone (818) 265-1020
   Facsimile (818) 265-1021

9
   *Attorneys for* Plaintiff and the Proposed Class
10

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

AUG - 3 2011

BY _Kimberly Karsuen_
                    DEPUTY

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                       FOR THE COUNTY OF SAN BERNARDINO,

13

14  ALADDIN ZACKARIA; individually,        Case No.:        CIVRS1107132
    and on behalf of other members of the
15  general public similarly situated, and    CLASS ACTION COMPLAINT FOR
    on behalf of aggrieved employees          DAMAGES & ENFORCEMENT UNDER
16  pursuant to the Private Attorneys         THE PRIVATE ATTORNEYS GENERAL
    General Act ("PAGA");                     ACT, CALIFORNIA LABOR CODE
17                                            § 2698, ET SEQ.
              Plaintiff,
18                                            (1)  Violation of California Labor Code §§
    vs.                                            510, 1194, and 1198 (Unpaid Minimum
19                                                 and Overtime Wages)
    WAL-MART STORES, INC., a            (2)  Violation of California Labor Code
20  Delaware corporation and DOES 1          §§ 2698, et seq. (California Labor Code
    through 100, inclusive,                   Private Attorneys General Act of 2004)
21                                       (3)  Violation of California Business and
              Defendants.                     Professions Code §§ 17200, et seq.
22
23
24                                            DEMAND FOR JURY TRIAL
25
26
27
28

COMES NOW, Plaintiff Aladdin Zackaria ("Plaintiff"), individually, and on behalf of members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for Plaintiff, including claims for compensatory damages, interest, penalties, and attorneys' fees, is less than $75,000.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and transact business in the State of California, County of San Bernardino.  Plaintiff resides in the State of California, County of San Bernardino and the majority of the acts and omissions alleged herein relating to Plaintiff took place in the State of California, County of San Bernardino.

## PARTIES

5.      Plaintiff ALADDIN ZACKARIA ("Plaintiff") is an individual residing in the County of San Bernardino in the State of California.

1

6.     Defendant WAL-MART STORES, INC., at all times herein mentioned, was and is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, and transacts business throughout the State of California, including the County of San Bernardino.

7.     At all relevant times, Defendant WAL-MART STORES, INC. was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes

8.     At all times herein relevant, WAL-MART STORES, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     WAL-MART STORES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as Defendants.

11.     Plaintiff further alleges that Defendants including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers and employers liable under

2

1    the statutory provisions set forth herein.

2                            **CLASS ACTION ALLEGATIONS**

3          12.     Plaintiff brings this action on his own behalf and on behalf of all other

4    members of the general public similarly situated, and on behalf of aggrieved employees

5    pursuant to the California Private Attorneys General Act and, thus, seeks class

6    certification under Code of Civil Procedure section 382.

7          13.     The proposed class is defined as follows:

8                  All current and former California-based salaried "Asset Protection

9                  Coordinators," or persons who held similar job titles and/or performed

10                 similar job duties, who worked for Defendants within the State of

11                 California from four years preceding the filing of this Complaint to final

12                 judgment.

13         14.     Plaintiff reserves the right to establish subclasses as appropriate.

14         15.     The class is ascertainable and there is a well-defined community of

15   interest in the litigation:

16                 a.      Numerosity: The class members are so numerous that joinder of all

17                         class members is impracticable.  The membership of the entire

18                         class is unknown to Plaintiff at this time; however, the class is

19                         estimated to be greater than 100 individuals and the identity of such

20                         membership is readily ascertainable by inspection of Defendants'

21                         employment records.

22                 b.      Typicality: Plaintiff's claims are typical of all other class members'

23                         as demonstrated herein.  Plaintiff will fairly and adequately protect

24                         the interests of the other class members with whom he has a well-

25                         defined community of interest.

26                 c.      Adequacy: Plaintiff will fairly and adequately protect the interests

27                         of each class member, with whom he has a well-defined

28                         community of interest and typicality of claims, as demonstrated

                                                    3

herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' California based salaried "Asset Prevention Coordinators," or persons who held similar job titles and/or performed similar job duties, were classified as "exempt" in violation of California law;

4

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal periods or required Plaintiff and the other class members to work during meal periods without compensation;

e. Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation;

f. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h. Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j. Whether Defendants' conduct was willful or reckless;

k. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

l. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

5

## GENERAL ALLEGATIONS

17. At all relevant times set forth herein, Defendants employed Plaintiff and other persons as salaried employees within the State of California, County of San Bernardino.

18. Defendants, jointly, have employed Plaintiff as an "Asset Protection Coordinator," since April 3, 2008 in the State of California, County of San Bernardino.

19. Defendants hired Plaintiff and the other class members, misclassified them as "exempt" employees, and paid them on a salary basis, without any compensation for overtime hours worked, missed meal periods or rest breaks.

20. Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

21. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23. Defendants continue to employ "exempt" or salary paid employees within the State of California.

24. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practices.

25. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practices.

6

26.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their California-based salaried "Asset Prevention Coordinators." This scheme involved, *inter alia*, misclassifying these positions as "exempt" for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" employees according to California law.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

7

members' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

37.     At all material times set forth herein, Defendants failed to pay overtime

8

1   wages to Plaintiff and the other class members.  Plaintiff and the other class members
2   were required to work more than eight (8) hours per day and/or forty (40) hours per
3   week without overtime compensation.

4       38.     At all material times set forth herein, Defendants failed to provide all
5   requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

6       39.     At all material times set forth herein, Defendants failed to pay Plaintiff
7   and the other class members at least minimum wages for all hours worked.

8       40.     At all material times set forth herein, Defendants regularly and
9   consistently failed to pay Plaintiff and the other class members wages within any time
10  permissible under California law, including, *inter alia*, California Labor Code section
11  204.

12      41.     At all material times set forth herein, Defendants regularly and
13  consistently failed to provide complete and accurate wage statements to Plaintiff and
14  the other class members.

15      42.     At all material times set forth herein, Defendants regularly and
16  consistently failed to keep complete and accurate payroll records for Plaintiff and the
17  other class members.

18      43.     At all material times set forth herein, Defendants regularly and
19  consistently failed to properly compensate Plaintiff and the other class members
20  pursuant to California law in order to increase Defendants' profits.

21      44.     California Labor Code section 218 states that noting in Article 1 of the
22  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages
23  or penalty due to him [or her] under this article.

24      45.     California Labor Code sections 2698 et seq., the "Labor Code Private
25  Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for
26  various civil penalties under the California Labor Code.

27      46.     Plaintiff has timely provided notice to the California Labor and Workforce
28  Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code

9

1 | section 2699.3(a).

2 |       47.    At all times herein set forth, PAGA was applicable to Plaintiff's
3 | employment by Defendants.

4 |       48.    At all times herein set forth, PAGA provides that any provision of law
5 | under the California Labor Code that provides for a civil penalty to be assessed and
6 | collected by the LWDA for violations of the California Labor Code may, as an
7 | alternative, be recovered through a civil action brought by an aggrieved employee on
8 | behalf of himself and other current or former employees pursuant to procedures
9 | outlined in California Labor Code section 2699.3.

10 |       49.    Pursuant to PAGA, a civil action under PAGA may be brought by an
11 | "aggrieved employee," who is any person that was employed by the alleged violator
12 | and against whom one or more of the alleged violations was committed.

13 |       50.    Plaintiff was employed by Defendants and the alleged violations were
14 | committed against them during their time of employment and they are, therefore,
15 | aggrieved employees.  Plaintiff and the other employees are "aggrieved employees" as
16 | defined by California Labor Code section 2699(c) in that they are all current or former
17 | employees of Defendants, and one or more of the  alleged violations were committed
18 | against them.

19 |       51.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an
20 | aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA
21 | after the following requirements have been met:

22 |           a.    The aggrieved employee shall give written notice by certified mail
23 |                 (hereinafter "Employee's Notice") to the LWDA and the employer
24 |                 of the specific provisions of the California Labor Code alleged to
25 |                 have been violated, including the facts and theories to support the
26 |                 alleged violations.

27 |           b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to
28 |                 the employer and the aggrieved employee by certified mail that it

<div align="center">10</div>

does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

52.     On August 1, 2011, Plaintiff provided written notice by U.S. Certified Mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), and 1194, 1197, 1197.1, and 1198 will have been satisfied.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194, and 1198

### (Against WAL-MART STORES, INC., and DOES 1 through 100)

53.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

54.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provided that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

55.     California Labor Code section 1194 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order further provided that it was

11

1    unlawful to employ persons without compensating them at a rate of pay time-and-one-

2    half or two-times that person's regular rate of pay, depending on the number of hours

3    worked by the person on a daily or weekly basis.

4          56.   Specifically, the applicable IWC Wage Order provides that Defendants

5    are and were required to pay Plaintiff and the other class members employed by

6    Defendants, and working more than eight (8) hours in a day or more than forty (40)

7    hours in a workweek, at a rate of time-and-one-half for all hours worked in excess of

8    eight (8) hours in a day or more than forty (40) hours in a workweek.

9          57.   California Labor Code section 510 codifies the right to overtime

10   compensation at one-and-one-half times the regular hourly rate for hours worked in

11   excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8)

12   hours worked on the seventh day of work, and to overtime compensation at twice the

13   regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess

14   of eight (8) hours in a day on the seventh day of work.

15         58.   During the relevant time period, Plaintiff and the other class members

16   were not paid for all the hours they worked.

17         59.   During the relevant time period, Plaintiff and the other class members

18   were not paid at least minimum wage compensation for all hours worked.

19         60.   During the relevant time period, Plaintiff and the other class members

20   were not paid overtime compensation for the hours they worked in excess of eight (8)

21   hours in a day and/or forty (40) hours in a week.

22         61.   During the relevant time period, Defendants willfully failed to pay

23   minimum wages to Plaintiff and the other class members as required, pursuant to

24   California Labor Code sections 1194, 1197, and 1197.1.

25         62.   During the relevant time period, Defendants willfully failed to pay all

26   overtime wages owed to Plaintiff and the other class members as required, pursuant to

27   California Labor Code sections 510, 1194 and 1198.

28         63.   Defendants' failure to pay Plaintiff and the other class members the

12

1  minimum wage as required violates California Labor Code sections 1194, 1197, and

2  1197.1.  Pursuant to those sections, Plaintiff and the other class members are entitled to

3  recover the unpaid balance of their minimum wage compensation as well as interest,

4  costs, and attorneys' fees, and liquidated damages in an amount equal to the wages

5  unlawfully unpaid and interest thereon.

6        64.    Defendants' failure to pay Plaintiff and the other class members the unpaid

7  balance of overtime compensation, as required by California laws, violates the

8  provisions of California Labor Code sections 510, 1194, and 1198, and is therefore

9  unlawful.

10       65.    Pursuant to California Labor Code section 1194, Plaintiff and the other

11  class members are entitled to recover their unpaid minimum wages and overtime

12  compensation, as well as interest, costs, and attorneys' fees.

13       66.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other

14  class members are entitled to recover a penalty of one hundred dollars ($100) for the

15  initial failure to timely pay each employee minimum wages, and two hundred and fifty

16  dollars ($250) for each subsequent failure to pay each employee minimum wages.

17       67.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other

18  class members are entitled to recover liquidated damages in an amount equal to the

19  wages unlawfully unpaid and interest thereon.

20       68.    Pursuant to civil penalties provided for in California Labor Code section

21  2699(a), (f) and (g), the State of California, Plaintiff and the other aggrieved employees

22  are entitled to recover civil penalties plus costs and attorneys' fees for violation of

23  California Labor Code sections 510, 1194, 1197, 1197.1 and 1198.

24              **SECOND CAUSE OF ACTION**

25        **Violation of California Labor Code § 2698, *et seq.***

26    **(Against WAL-MART STORES, INC. and DOES 1 through 100)**

27       69.    Plaintiff incorporates by reference the allegations contained in paragraphs

28  1 through 68, and each and every part thereof with the same force and effect as though

13

1  fully set forth herein.

2       70.    PAGA expressly establishes that any provision of the California Labor

3  Code which provides for a civil penalty to be assessed and collected by the LWDA, or

4  any of its departments, divisions, commissions, boards, agencies or employees for a

5  violation of the California Labor Code, may be recovered through a civil action brought

6  by an aggrieved employee on behalf of himself or herself, and other current or former

7  employees.

8       71.    Whenever the LWDA, or any of its departments, divisions, commissions,

9  boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil

10  action is authorized to exercise the same discretion, subject to the same limitations and

11  conditions, to assess a civil penalty.

12       72.    Plaintiff and the other salaried employees are "aggrieved employees" as

13  defined by California Labor Code section 2699(c) in that they are all current or former

14  employees of Defendants, and one or more of the alleged violations was committed

15  against them.

16                          **Failure to Pay Overtime**

17       73.    Defendants' failure to pay legally required overtime wages to Plaintiff and

18  the other aggrieved employees is in violation of the Wage Orders and constitutes

19  unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

20                      **Failure to Provide Meal Periods**

21       74.    Defendants' failure to provide legally required meal periods to Plaintiff

22  and the other aggrieved employees is in violation of the Wage Orders and constitutes

23  unlawful or unfair activity prohibited by California Labor Code sections 226.7 and

24  512(a).

25                      **Failure to Provide Rest Periods**

26       75.    Defendants' failure to provide legally required rest periods to Plaintiff and

27  the other aggrieved employees is in violation of the Wage Orders and constitutes

28  unlawful or unfair activity prohibited by California Labor Code section 226.7.

<div align="center">14</div>

**Failure to Pay Minimum Wages**

76.     Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

**Failure to Timely Pay Wages During Employment**

77.     Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

78.     Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

79.     Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

80.     Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, request and are entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

      a.     Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay

15

period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b.    Penalties under California Code of Regulations Title 8 section 11070 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

81.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

82.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 2699, 218.5, and 210 and any other applicable statute.

///
///
///
///

16

## THIRD CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Against WAL-MART STORES, INC. and DOES 1 through 100)

83.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.   Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors.  Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

85.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

86.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code section 204.  Defendants also violated California Labor Code sections 226(a), and 1174(d).

### Failure to Pay Overtime

87.   Defendants' failure to pay overtime in violation of the Wage Orders and California Labor Code sections 510 and 1198, as alleged above, constitutes unlawful

17

1   and/or unfair activity prohibited by California Business & Professions Code section
2   17200, et seq.

### Failing to Provide Meal Periods

3   88.   Defendants' failure to provide legally required meal periods in violation
4   of the Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged
5   above, constitutes unlawful and/or unfair activity prohibited by California Business &
6   Professions Code section 17200, et seq.

### Failure to Provide Rest Periods

8   89.   Defendants' failure to provide legally required rest periods in violation of
9   the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes
10  unlawful and/or unfair activity prohibited by California Business & Professions Code
11  section 17200, et seq.

### Failure to Pay Minimum Wages

13  90.   Defendants' failure to pay minimum wages in violation of the Wage
14  Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above,
15  constitutes unlawful and/or unfair activity prohibited by California Business &
16  Professions Code section 17200, et seq.

### Failure to Timely Pay Wages During Employment

18  91.   · Defendants' failure to timely pay wages during employment in violation
19  of California Labor Code section 204, as alleged above, constitutes unlawful and/or
20  unfair activity prohibited by California Business & Professions Code section
21  17200, et seq.

### Failure to Provide Compliant Wage Statements

23  92.   Defendants' failure to provide compliant wage statements in violation of
24  California Labor Code section 226(a), as alleged above, constitutes unlawful and/or
25  unfair activity prohibited by California Business & Professions Code section
26  17200, et seq.

28  ///

18

**Failure to Keep Complete and Accurate Payroll Records**

93.    Defendants' failure to keep complete and accurate payroll records in violation of California Labor Code section 1174(d), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

94.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

95.    Plaintiff and the other class members have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

96.    Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendants pursuant to California Labor Code sections 510 and 1198.

97.    Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences on July 29, 2007; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

19

1.   For damages, restitution, and penalties, and total recovery as a result of this lawsuit in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.   That this action be certified as a class action;

3.   That Plaintiff be appointed as the representative of the Class;

4.   That counsel for Plaintiff be appointed as Class Counsel; and

5.   That Defendants provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

### As to the First Cause of Action

6.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510, 1194, 1197, 1197.1, 1198 and applicable IWC Wage Orders by willfully failing to pay all minimum and overtime wages due to Plaintiff and the other class members;

7.   For general unpaid wages, unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

8.   For pre-judgment interest on any unpaid minimum wages and overtime compensation commencing from the date such amounts were due:

9.   For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

10.   For liquidated damages pursuant to California Labor Code section 1194.2;

11.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

12.   For civil penalties pursuant to California Labor Code sections 2699(a), (f) and (g) plus costs and attorneys' fees for violation of California Labor Code sections 510 1194, 1197, 1197.1 and 1198; and

13.   For such other and further relief as the Court may deem equitable and

20

1  appropriate.

2  <center>As to the Third Cause of Action</center>

3      14.    For civil penalties pursuant to California Labor Code sections 2699(a), (f)

4  and (g) plus costs and attorneys' fees for violation of California Labor Code sections 201,

5  203, 203, 204, 226(a). 226.7, 510, 512(a), 1174(d), 1194, 1197(d), 1197.1, and 1198.

6      15.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8  <center>As to the Third Cause of Action</center>

9      16.    That the Court declare, adjudge and decree that Defendants violated

10  California Business and Professions Code section 17200, et seq. by failing to provide

11  Plaintiff and the other class members all overtime compensation due to them, failing to

12  provide all meal and rest periods to Plaintiff and the other class members, failing to pay

13  for all missed meal and rest periods to Plaintiff and the other class members, failing to

14  pay all minimum wages due to Plaintiff and the other class members, failing to pay

15  Plaintiff's and other class members' wages timely as required by California Labor Code

16  section 204, failing to provide Plaintiff and other class members with complete and

17  accurate wage statements, and failing to keep complete and accurate payroll records.

18  For all actual, consequential, and incidental losses and damages, according to proof;

19      17.    For restitution of unpaid wages and other monies wrongfully withheld and

20  retained by Defendants to Plaintiff and the other class members and prejudgment

21  interest from the day such amount were due and payable;

22      18.    For the appointment of a receiver to receive, manage and distribute any

23  and all funds disgorged from Defendants and determined to have been wrongfully

24  withheld acquired by Defendants as a result of violations of California Business &

25  Professions Code section 17200, et seq.;

26      19.    For reasonable attorneys' fees and costs of suit incurred herein that

27  Plaintiff and the other class members are entitled to recover under California Code of

28  Civil Procedure section 1021.5; and

<center>21</center>

20.     For such other and further relief as the Court may deem equitable and appropriate.

DATED:  August 1, 2011                    THE AIWAZIAN LAW FIRM


                                          By: _____
                                              Edwin Aiwazian
                                              *Attorneys for* Plaintiff and the Proposed Class

22

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the members of the public similarly situated, hereby demands a jury trial.

DATED:  August 1, 2011

THE AIWAZIAN LAW FIRM

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff and the Proposed Class

23

## Case CIVRS1107132 - ALADDIN ZACKARIA-V-WAL-MART STORES

**Action:**  [(Choose)                    ▼]

**HEARING RE: STATUS OF REMOVAL**
**12/01/2011 - 8:30 AM DEPT. R9**

BARRY L PLOTKIN, JUDGE
CLERK: MARY ELLEN MURAWA
COURT REPORTER ROCIO GONZALEZ 10911
COURT ATTENDANT EDWARD ROBLES
-
APPEARANCES:
ATTORNEY DOUGLAS HAN APPEARS BY COURTCALL FOR ALADDIN ZACKARIA.
PARTIES NOT PRESENT: WAL-MART STORES, INC.,
-
PROCEEDINGS:
PREDISPOSITION HEARING HELD
COUNSEL INFORMS COURT THAT MATTER REMAINS IN FEDERAL COURT.
-
HEARINGS:
CURRENT HEARING CONTINUED TO 01/26/12 AT 08:30 IN DEPARTMENT R9.
ACTION - COMPLETE
=== MINUTE ORDER END ===

1   R. Rex Parris, Esq. (SBN 96567)
    Alexander R. Wheeler, Esq. (SBN 239541)
2   Jason P. Fowler, Esq. (SBN 239426)
    Kitty Szeto, Esq. (SBN 258136)
3   Douglas Han, Esq. (SBN 232858)
    Scott L. Tillett, Esq. (SBN 275119)
4   **R. REX PARRIS LAW FIRM**
    42220 10th Street West, Suite 109
5   Lancaster, California 93534
    T: (661) 949-2595 / F: (661) 949-7524
6
    Edwin Aiwazian, Esq. (SBN 232943)
7   Arby Aiwazian, Esq. (SBN 269827)
    Maria F. Nickerson, Esq. (SBN 274225)
8   Jill Parker, Esq. (SBN 274230)
    **LAWYERS *for* JUSTICE, PC**
9   410 West Arden Avenue, Suite 203
    Glendale, California 91203
10  T: (818) 265-1020 / F: (818) 265-1021

11  Attorneys for Plaintiff and the Proposed Class

12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                 **FOR THE COUNTY OF SAN BERNARDINO**

15
    ALADDIN ZACKARIA; individually, and       )   Case No.: CIVRS1107132
16  on behalf of other members of the general  )
    public similarly situated, and on behalf of )   CLASS ACTION
17  aggrieved employees pursuant to the Private )
    Attorneys General Act ("PAGA");            )   NOTICE OF RULING
18                                              )
                    Plaintiff,                  )
19                                              )
            vs.                                 )   [Honorable Barry L. Plotkin
20                                              )     Department R9]
    WAL-MART STORES, INC., a Delaware          )
21  corporation and Does 1 through 100,        )
    inclusive,                                  )
22                                              )
                    Defendants.                 )
23                                              )
                                                )
24  _____  )

25

26

27

28

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the above-captioned case came before the court on December 1, 2011, at 8:30 a.m. in Department "R9" of the above-entitled court before the Honorable Barry L. Plotkin for an Order to Show Cause Hearing re Removal.

Douglas Han, Esq., of the R. Rex Parris Law Firm appeared on behalf of the Plaintiff Aladdin Zackaria.

The court made the following orders:

1.   The Order to Show Cause re Removal was continued to January 26, 2012 at 8:30 a.m. in Department "R9" of the above entitled court;

2.   The December hearing dates were vacated; and

3.   Plaintiffs were ordered to give notice.

Date: December 2, 2011                         **R. REX PARRIS LAW FIRM**

By: _____

Douglas Han
Attorneys for Plaintiff

1

**PROOF OF SERVICE**
1013A(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 42220 10th Street West, Suite 109, Lancaster, California 93534

On December 2, 2011, I served the foregoing document described as **NOTICE OF RULING**

_____ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

__X__ by placing the original a true copy thereof enclosed in sealed envelopes addressed as follows:

### *** Please See Attached List ***

__X__ **BY MAIL**

_____ I deposited such envelope in the mail at Lancaster, California. The envelope was mailed with postage thereon fully prepaid.

__X___ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Lancaster, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **BY PERSONAL SERVICE**

_____ I delivered such envelope by hand to the addressees at _____

_____ **BY FACSIMILE**

_____ I served such document(s) by fax at See Service List to the fax number provided by each of the parties in this litigation at Lancaster, California. I received a confirmation sheet indicating said fax was transmitted completely.

_____ **BY FEDERAL EXPRESS/OVERNIGHT MAIL**

_____ I placed such envelope in a Federal Express Mailer addressed to the party or parties listed on the attached list with delivery fees fully pre-paid for next-business-day delivery, and delivered it to a Federal Express pick-up driver before 4:00 p.m. on the stated date.

Executed on December 2, 2011, at Lancaster, California.

__X__ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Amira S. Berry

## Case CIVRS1107132 - ALADDIN ZACKARIA-V-WAL-MART STORES

**Action:** [(Choose) ▼]

## HEARING RE: STATUS OF REMOVAL
## 01/26/2012 - 8:30 AM DEPT. R9

BEN T KAYASHIMA, JUDGE
CLERK: MARY ELLEN MURAWA
COURT REPORTER HEATHER PFUTZENREUTER 10294
COURT ATTENDANT DENISE ANDRADE
-
APPEARANCES:
ATTORNEY SCOTT L. TILLETT PRESENT FOR PLAINTIFF/PETITIONER.
ATTORNEY TODD R. WULFFSON PRESENT FOR DEFENDANT/RESPONDENT.
-
PROCEEDINGS:
PREDISPOSITION HEARING HELD
MR. WULFFSON INFORMS COURT THAT MATTER WAS REMANDED BACK TO R9. PARTIES ARE AWAITING RULING
ON REQUEST TO SUBMIT APPEAL.
-
HEARINGS:
CURRENT HEARING CONTINUED TO 06/15/12 AT 08:30 IN DEPARTMENT R9.
STATUS REPORT IS ORDERED TO BE FILED FIVE (5) DAYS PRIOR TO NEXT HEARING.
ACTION - COMPLETE
=== MINUTE ORDER END ===

## Case CIVRS1107132 - ALADDIN ZACKARIA-V-WAL-MART STORES

**Action:** (Choose) ▾

## HEARING RE: STATUS OF REMOVAL
## 06/15/2012 - 8:30 AM DEPT. R9

BARRY L PLOTKIN, JUDGE
CLERK: MARY ELLEN MURAWA
COURT REPORTER ROCIO GONZALEZ 10911
COURT ATTENDANT EDWARD ROBLES
-
APPEARANCES:
ATTORNEY ALEXANDER R. WHEELER PRESENT FOR PLAINTIFF/PETITIONER.
ATTORNEY ROBERT J. HERRINGTON APPEARS BY COURTCALL FOR WAL-MART STORES, INC.,.
-
PROCEEDINGS:
PREDISPOSITION HEARING HELD
COUNSEL STATES MATTER HAS BEEN REMANDED BACK TO SUPERIOR COURT.
-
WAL-MART FILED A RESPONSIVE PLEADING IN FEDERAL COURT. COURT ORDERS RESPONSIVE PLEADING BE FILED
IN THIS COURT.
-
PRE-CERTIFICATION CLASS NOTICE WILL BE ISSUED PRIOR TO NEXT HEARING.
-
HEARINGS:
CASE MANAGEMENT CONFERENCE SET FOR 09/21/12 AT 10:30 IN DEPARTMENT R9
COUNSEL FOR PLAINTIFF TO GIVE NOTICE.
ACTION - COMPLETE
=== MINUTE ORDER END ===

1 R. Rex Parris, Esq. (SBN 96567)
  Alexander R. Wheeler, Esq. (SBN 239541)
2 Kitty Szeto, Esq. (SBN 258136)
  **R. REX PARRIS LAW FIRM**
3 43364 10th Street West
  Lancaster, California 93534
4 Telephone: (661) 949-2595
  Facsimile: (661) 949-7524
5
  Edwin Aiwazian, Esq. (SBN 232943)
6 Arby Aiwazian, Esq. (SBN 269827)
  **LAWYERS *for* JUSTICE, PC**
7 410 West Arden Avenue, Suite 203
  Glendale, California 91203
8 Telephone: (818) 265-1020
  Facsimile: (818) 265-1021
9
  Attorneys for Plaintiff and the Putative Class
10
11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                 FOR THE COUNTY OF SAN BERNARDINO
13

| | |
|---|---|
| ALADDIN ZACKARIA; individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"); <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., a Delaware corporation and Does 1 through 100, inclusive, <br><br> Defendants. | Case No.: CIVRS1107132 <br><br> CLASS ACTION <br><br> **NOTICE OF RULING** <br><br> Date: June 15, 2012 <br> Time: 8:30 a.m. <br> Dept.: R9 <br><br> [Assigned for All Purposes to the Honorable Barry L. Plotkin, Department R9] |

1

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that the above-captioned case came before the court on

3 June 15, 2012 at 8:30 a.m. in Department R9 of the above-entitled court before the Honorable

4 Barry L. Plotkin for a hearing regarding Status of Removal.

5    Alexander R. Wheeler, Esq. of the R. Rex Parris Law Firm appeared on behalf of

6 Plaintiff Aladdin Zackaria.  Robert J. Herrington, Esq. of Greenberg Traurig, LLP appeared on

7 behalf of Defendant Wal-Mart Stores, Inc., via Courtcall.

8    The court made the following orders:

9      1.     Defendant was ordered to file a responsive pleading in state court;

10      2.     Pre-certification class notice will be issued prior to the next hearing;

11      3.     The Case Management Conference hearing is set for September 21, 2012 at

12            10:30 a.m. in Department R9 of the above-entitled court;

13      4.     Plaintiff was ordered to give notice.

14

15

16 Date: June 21, 2012                 **R. Rex Parris Law Firm**

17

18

19                          By: _____

20                             Kitty Szeto

21                             Attorneys for Plaintiff and the
                            Putative Class

22

23

24

25

26

27

28

**NOTICE OF RULING**

**PROOF OF SERVICE**
1013A(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 43364 10th Street West, Lancaster, California  93534

On June 22, 2012, I served the foregoing document described as **NOTICE OF RULING**

___X___  by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

*** **Please See Attached List** ***

_X_   **BY MAIL**

_____  I deposited such envelope in the mail at Lancaster, California.  The envelope was mailed with postage thereon fully prepaid.

__X___  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice if would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Lancaster, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____  **BY PERSONAL SERVICE**

_____.  I delivered such envelope by hand to the addressees at _____

_____  **BY FACSIMILE**

_____  I served such document(s) by fax at See Service List to the fax number provided by each of the parties in this litigation at Lancaster, California.  I received a confirmation sheet indicating said fax was transmitted completely.

_____  **BY FEDERAL EXPRESS/OVERNIGHT MAIL**

_____  I placed such envelope in a Federal Express Mailer addressed to the party or parties listed on the attached list with delivery fees fully pre-paid for next-business-day delivery, and delivered it to a Federal Express pick-up driver before 4:00 p.m. on the stated date.

Executed on June 22, 2012, at Lancaster, California.

_X_  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Amira S. Berry

## ATTACHMENT TO PROOF OF SERVICE

ZACKARIA, ALADDIN v. WAL-MART STORES, INC.
<u>SAN BERNARDINO COUNTY CASE NO. CIVRS1107132</u>

Naomi G. Beer                                    /Attorneys for Defendant Wal-Mart
GREENBERG TRAURIG, LLP                Stores, Inc.
The Tabor Center
1200 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Robert M. Goldich, Esq. (*Pro Hac Vice*)
Kelly Dobbs Bunting, Esq. (*Pro Hac Vice*)
GREENBERG TRAURIG, LLP
2001 Market Street, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 988-7883
Facsimile:  (215) 988-7801

Todd R. Wulffson, Esq.
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, CA 92612
Telephone: (949) 732-6596
Facsimile:  (949) 266-9551
Email: WulffsonT@gtlaw.com

Robert J. Herrington, Esq.
Bryan J. Lazarski, Esq.
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-6587
Facsimile:  (310) 586-0587
Email: HerringtonR@gtlaw.com
          LazarskiB@gtlaw.com

FIRST LEGAL SUPPORT.     (951)779-0100     00/00/2012

1 │ GREENBERG TRAURIG, LLP
    ROBERT J. HERRINGTON (SBN 234417)
2 │ BRYAN J. LAZARSKI (SBN 248349)
    2450 Colorado Avenue, Suite 400E
3 │ Santa Monica, CA 90404
    Telephone: 310-586-7700
4 │ Facsimile: 310-586-7800
    Email: HerringtonR@gtlaw.com;
5 │ LazarskiB@gtlaw.com

6 │ Attorneys for Defendant
    Wal-Mart Stores, Inc.

7

8

<div align="right">

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

JUL 05 2012

BY _____
CESAR R. LERE, DEPUTY

</div>

9 │ SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10 │ FOR THE COUNTY OF SAN BERNARDINO

11

12 │ ALADDIN ZACKARIA; individually, and on     CASE NO. CIV-RS-1107132
    behalf of other members of the general public
13 │ similarly situated, and on behalf of aggrieved    **CLASS ACTION**
    employees pursuant to the Private Attorneys
14 │ General Act ("PAGA");

15 │         Plaintiff,

16 │    v.

17 │ Wal-Mart STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
18 │ inclusive,

19 │         Defendant.

20

21

22

23

24

25

26

27

28

**DEFENDANT WAL-MART'S ANSWER TO
CLASS ACTION COMPLAINT OF ALADDIN
ZACKARIA FOR DAMAGES &
ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR §2698, ET. SEQ.**

Complaint Filed: August 3, 2011
Jury Trial Date: None Set:

---

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

DEN 97,871,218v1 016436154800

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), answers as follows the allegations stated in Plaintiff Aladdin Zackaria's Class Action Complaint for Damages and Enforcement Under the Private Attorneys General Act, California Labor Code §2698, *et seq.* (the "Complaint"):

### GENERAL DENIAL

In accordance with Section 431.30(d) of the California Code of Civil Procedure, Defendant hereby generally denies each and every allegation contained in the Complaint. Defendant further denies that Plaintiffs are owed or have sustained damages in the amount alleged or any amount whatsoever, and denies that Plaintiffs are entitled to any legal relief of any kind against Defendant.

### AFFIRMATIVE DEFENSES

For its separate and distinct affirmative defenses, Wal-Mart alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint and each of the causes of action alleged therein fail to state facts sufficient to constitute any existing cause of action against Wal-Mart.

### SECOND AFFIRMATIVE DEFENSE

(Fault of Plaintiff)

Plaintiff cannot recover against Wal-Mart on any of the claims alleged in the Complaint because his own actions or omissions, or other intervening or superseding causes of which Wal-Mart had no control were the sole, proximate, and legal cause of any injuries or damages Plaintiff allegedly suffered, which cannot form the basis for any liability of Wal-Mart.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff cannot recover against Wal-Mart on any of the claims alleged in the Complaint because Plaintiff had a duty to mitigate his alleged damages and injury but failed to do so.

### FOURTH AFFIRMATIVE DEFENSE

(Policy Violations)

Plaintiff's claims are barred by his violations of Wal-Mart's policies.

///

1

### FIFTH AFFIRMATIVE DEFENSE

(No Entitlement)

Plaintiff is not entitled to some or all of the damages he seeks.

### SIXTH AFFIRMATIVE DEFENSE

(Duplicative Relief)

Plaintiff's claims are barred to the extent that they seek duplicative relief or amounts seeking more than a single recovery.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Satisfy Prerequisites)

Plaintiff has failed to satisfy the prerequisites to bring an action pursuant to the Private Attorney General's Act, California Labor Code § 2698, *et. seq.*

### EIGHTH AFFIRMATIVE DEFENSE

(Necessity of Individual Testimony)

Liability cannot be assessed without individual testimony from Plaintiffs and each putative class member.

### NINTH AFFIRMATIVE DEFENSE

(Class Action Not Appropriate)

Plaintiff and the putative class members have failed to satisfy the prerequisites to a class action, including, without limitation, adequacy, ascertainability, commonality, predominance, typicality, superiority and manageability.

### TENTH AFFIRMATIVE DEFENSE

(Conflict)

Plaintiff's interests are in conflict with those of other alleged class members.

### ELEVENTH AFFIRMATIVE DEFENSE

(Specific Proof of Damages)

The damages sought by Plaintiffs on behalf of the alleged class cannot be recovered without specific proof of injury and damage by each putative class member.

///

2

## TWELFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff's alleged damages and/or those of the purported similarly situated persons are too speculative to be permitted.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Violation)

Plaintiff and those allegedly similarly situated are not entitled to recover liquidated damages because Wal-Mart at all times acted in good faith and with reasonable grounds for believing that it had not violated any section of the California Labor Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Improper Motive)

Wal-Mart at all times acted justifiably, lawfully and in good faith, without any improper motive, purpose or intent.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Outside Scope of Employment)

Plaintiff's claims are barred to the extent Wal-Mart's employees or agents acted contrary to express or generally understood policies and procedures because such actions were not authorized and were outside the scope of their employment or agency.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exempt)

Plaintiff and those allegedly similarly situated were, at all times relevant to this action, exempt from the overtime provisions of state and federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

The classification of Plaintiff and those allegedly similarly situated as exempt employees was made in good faith and with reasonable grounds for believing that such classification was proper under the law.

///

3

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Reliance on Administrative Opinion)

Plaintiffs' claims should be dismissed, in whole or in part, because Wal-Mart relied in good faith on a written administrative regulation, order, ruling, approval and/or interpretation issued by the United States Department of Labor's Wage and Hour Division.

## NINETEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

Plaintiff is not entitled to equitable relief because Plaintiff has adequate remedies at law.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Receiver)

Plaintiff is not entitled to the appointment of a receiver because Wal-Mart did not violate the California Business & Profession Code or any other state or federal law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Compensation Paid)

Plaintiff and those allegedly similarly situated have been paid all compensation and monies due and owed for all work performed.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's claims are barred by the applicable statute(s) of limitations, specifically, California Code of Civil Procedure Sections 337, 338, 339, 340 and 343 and California Business and Professions Code Section 17208.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Waiver/Estoppel)

Plaintiff's Complaint and each cause of action attempted to be stated therein, is barred, in whole or in part, by the doctrine of waiver/estoppel."

///

///

///

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

DEN 97,871,218v1 016436154800

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction/Release)

Plaintiff's claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff or any putative class member or other putative beneficiary has entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Confiscatory and Unconstitutional Penalties)

Plaintiffs, putative class members, or other putative beneficiaries of this action are not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections invoked establish penalties that are unjust, arbitrary, oppressive and confiscatory, within the meaning of California Labor Code section 2699 and are disproportionate to any damage or loss incurred as a result of Wal-Mart's conduct, and are unconstitutional under Article I, Section VII, of the California Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Rules Enabling Act)

Adjudication of Plaintiff's claims as a class action would violate Wal-Mart's right to due process and a jury trial and is barred by the Rules Enabling Act, 28 U.S.C. § 2072.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Violation)

Adjudication of Plaintiff's claims as a class action would violate Wal-Mart's right to due process and a jury trial as provided in the constitutions of the United States and California.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Defenses Against Class)

Wal-Mart opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over the objections of Wal-Mart, then Wal-Mart asserts the affirmative and other defenses set forth herein against each and every member of the certified class.

///

///

5

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

Any claims of Plaintiff seeking penalties, punitive or exemplary damages are barred, in whole or in part, because the imposition of such damages in this case would violate the due process and excessive fines clauses under the United States and California Constitutions. *State Farm v. Campbell*, 538 U.S. 408 (2003).

## THIRTIETH AFFIRMATIVE DEFENSE

(Right to Amend)

At this point, discovery in this action has not been commenced or accomplished in any fashion, and, as such, Defendant reserves the right to amend its answer as additional facts, issues or defenses may be discovered.

**WHEREFORE**, Wal-Mart prays for judgment as follows:

1.  For judgment in favor of Wal-Mart and against Plaintiff;

2.  That all relief sought in the Complaint against Wal-Mart be denied;

3.  For costs of suit and attorneys' fees incurred, and

4.  For such other and further relief as the court deems proper.

DATED: July 5, 2012

GREENBERG TRAURIG, LLP

By:
Robert J. Herrington
Bryan J. Lazarski
Attorneys for Defendant Wal-Mart Stores, Inc.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

DEN 97,871,218v1 016436154800

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Ste. 1900, Los Angeles, California 90067.**

On the date given below, I served the **DEFENDANT WAL-MART'S ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR §2698, ET. SEQ.** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

| **Via Overnight Express** | **Via Overnight Express** |
|---|---|
| R. Rex Parris, Esq. | Edwin Aiwazian, Esq. |
| Alexander R. Wheeler, Esq. | Maria F. Nickerson |
| R. REX PARRIS LAW FIRM | LAWYERS for JUSTICE, PC |
| 43364 10th Street West | 410 West Arden Ave., Ste. 203 |
| Lancaster, CA 93534 | Glendale, CA 91203 |
| Tel: (661) 949-2595 | Tel: (818) 265-1020 |
| Fax: (661) 949-7524 | Fax: (818) 265-1021 |

☐ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(BY OVERNIGHT DELIVERY)**
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **(BY PERSONAL SERVICE)**
I caused such envelope to be delivered by hand to the offices listed above.

☒ **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 5, 2012, at Los Angeles, California.

_Delilah A. Phiefer_
Delilah A. Phiefer

**PROOF OF SERVICE**

R. Rex Parris, State Bar No. 96567
Alexander R. Wheeler, State Bar No. 239541
Douglas Han, State Bar No. 232858
Kitty Kit Yee Szeto, State Bar No. 258136
**R. REX PARRIS LAW FIRM**
43364 10th Street West
Lancaster, CA 935934
Telephone    (661) 949-2595
Facsimile    (661) 265-7524

Edwin Aiwazian, State Bar No. 232943
Arby Aiwazian, State Bar No. 269827
Jill J. Parker, State Bar No. 274230
Maria F. Nickerson, State Bar No. 274225
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone    (818) 265-1020
Facsimile    (818) 265-1021

*Attorneys for* Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ALADDIN ZACKARIA; individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"); | Case No. CIV-RS-1107132 |
| | Honorable Barry L. Plotkin |
| | Department R-9 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFF ALADDIN ZACKARIA'S NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| WAL-MART STORES, INC., a Delaware corporation and DOES 1 through 100, inclusive, | |
| Defendants. | Hearing Date:  August 20, 2012 |
| | Hearing Time: 8:30 a.m. |
| | Hearing Place: Department R-9 |
| | Complaint Filed: August 3, 2011 |
| | Jury Trial Date:  None Set |

*Left margin vertical text:* LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203



1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that on August 20, 2012 at 8:30 a.m., or as soon thereafter

3   as may be heard in Department R-9 of the above-entitled court, located at 8303 Haven Avenue,

4   Rancho Cucamonga, California 91730, Plaintiff Aladdin Zackaria ("Plaintiff"), individually,

5   and on behalf of other members of the general public similarly situated, will and hereby does

6   demur, generally and specially, to Defendant Wal-Mart Stores, Inc.'s ("Defendant") Answer to

7   Plaintiff's Class Action Complaint.

8       Plaintiff demurs pursuant to Code of Civil Procedure section 430.20(b) on the ground

9   that Defendant's Answer is uncertain in its entirety.

10      Plaintiff further demurs to Defendant's second, fourth, eighth, ninth, tenth, eleventh,

11   twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twenty-second,

12   twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, and

13   thirtieth affirmative defenses pursuant to California Code of Civil Procedure Section 430.20(a)

14   on the ground that they do not contain facts sufficient to constitute affirmative defenses.

15      Plaintiff further demurs to Defendant's first, second, third, fourth, seventh, eighth,

16   ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth,

17   nineteenth, twentieth, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth,

18   twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth affirmative defenses pursuant to

19   California Code of Civil Procedure Section 430.20(b) on the ground that they are uncertain.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF ALADDIN ZACKARIA'S NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT
WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1        This motion is based on this Notice, the attached Demurrer, the attached Memorandum

2   of Points and Authorities, reply to an opposition, if any, and all other pleadings and papers on

3   file in this action, including but not limited to Plaintiff's Class Action Complaint, Defendant's

4   Answer to Plaintiff's Complaint, upon such matter of which the Court may take judicial notice,

5   and upon such oral argument and evidence that may be allowed by the Court at the time of the

6   hearing.

7   Dated: July 16, 2012                        LAWYERS *for* JUSTICE, PC

8

9                               By:

10                                Edwin Aiwazian
                              *Attorneys for* Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

PLAINTIFF ALADDIN ZACKARIA'S NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT
WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

<div style="text-align:center">

**PLAINTIFF ALADDIN ZACKARIA'S DEMURRER TO DEFENDANT**

**WAL-MART STORES, INC.'S ANSWER**

</div>

Plaintiff Aladdin Zackaria ("Plaintiff") hereby demurs to the Answer filed by Defendant Wal-Mart Stores, Inc. ("Defendant") on the following grounds:

<div style="text-align:center">

**DEMURRER TO ENTIRE ANSWER**

</div>

1.    Defendant's Answer is uncertain in its entirety. Code of Civ. Proc. § 430.20(b).

<div style="text-align:center">

**DEMURRER TO FIRST AFFIRMATIVE DEFENSE**

</div>

2.    Defendant's first affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

<div style="text-align:center">

**DEMURRER TO SECOND AFFIRMATIVE DEFENSE**

</div>

3.    Defendant's second affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

4.    Defendant's second affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

<div style="text-align:center">

**DEMURRER TO THIRD AFFIRMATIVE DEFENSE**

</div>

5.    Defendant's third affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

<div style="text-align:center">

**DEMURRER TO FOURTH AFFIRMATIVE DEFENSE**

</div>

6.    Defendant's fourth affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

7.    Defendant's fourth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

<div style="text-align:center">

**DEMURRER TO SEVENTH AFFIRMATIVE DEFENSE**

</div>

8.    Defendant's seventh affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

<div style="text-align:center">

**DEMURRER TO EIGHTH AFFIRMATIVE DEFENSE**

</div>

9.    Defendant's eighth affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

10.    Defendant's eighth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

<div style="text-align:center">

**DEMURRER TO NINTH AFFIRMATIVE DEFENSE**

</div>

11.    Defendant's ninth affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

12.    Defendant's ninth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

### DEMURRER TO TENTH AFFIRMATIVE DEFENSE

2    13.   Defendant's tenth affirmative defense fails to state facts sufficient to constitute a

3          defense. Code of Civ. Proc. § 430.20(a).

4    14.   Defendant's tenth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

5

### DEMURRER TO ELEVENTH AFFIRMATIVE DEFENSE

6    15.   Defendant's eleventh affirmative defense fails to state facts sufficient to constitute a

7          defense. Code of Civ. Proc. § 430.20(a).

8    16.   Defendant's eleventh affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

9

### DEMURRER TO TWELFTH AFFIRMATIVE DEFENSE

10   17.   Defendant's twelfth affirmative defense fails to state facts sufficient to constitute a

11         defense. Code of Civ. Proc. § 430.20(a).

12   18.   Defendant's twelfth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

13

### DEMURRER TO FOURTEENTH AFFIRMATIVE DEFENSE

14   19.   Defendant's fourteenth affirmative defense fails to state facts sufficient to constitute a

15         defense. Code of Civ. Proc. § 430.20(a).

16   20.   Defendant's fourteenth affirmative defense is uncertain.   Code of Civ. Proc. §

17         430.20(b).

18

### DEMURRER TO FIFTEENTH AFFIRMATIVE DEFENSE

19   21.   Defendant's fifteenth affirmative defense fails to state facts sufficient to constitute a

20         defense. Code of Civ. Proc. § 430.20(a).

21   22.   Defendant's fifteenth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

22

### DEMURRER TO SIXTEENTH AFFIRMATIVE DEFENSE

23   23.   Defendant's sixteenth affirmative defense fails to state facts sufficient to constitute a

24         defense. Code of Civ. Proc. § 430.20(a).

25   24.   Defendant's sixteenth affirmative defense is uncertain.   Code of Civ. Proc. §

26         430.20(b).

27   ///

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

<div align="left">LAWYERS <i>for</i> JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203</div>

### DEMURRER TO SEVENTEENTH AFFIRMATIVE DEFENSE

25. Defendant's seventeenth affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

26. Defendant's seventeenth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

### DEMURRER TO EIGHTEENTH AFFIRMATIVE DEFENSE

27. Defendant's eighteenth affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

28. Defendant's eighteenth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

### DEMURRER TO NINETEENTH AFFIRMATIVE DEFENSE

29. Defendant's nineteenth affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

30. Defendant's nineteenth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTIETH AFFIRMATIVE DEFENSE

31. Defendant's twentieth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTY-SECOND AFFIRMATIVE DEFENSE

32. Defendant's twenty-second affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

33. Defendant's twenty-second affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTY-THIRD AFFIRMATIVE DEFENSE

34. Defendant's twenty-third affirmative defense fails to state facts sufficient to constitute a defense. Code of Civ. Proc. § 430.20(a).

35. Defendant's twenty-third affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### DEMURRER TO TWENTY-FOURTH AFFIRMATIVE DEFENSE

36.   Defendant's twenty-fourth affirmative defense fails to state facts sufficient to constitute a defense.  Code of Civ. Proc. § 430.20(a).

37.   Defendant's twenty-fourth affirmative defense is uncertain.   Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTY-FIFTH AFFIRMATIVE DEFENSE

38.   Defendant's twenty-fifth affirmative defense fails to state facts sufficient to constitute a defense.  Code of Civ. Proc. § 430.20(a).

39.   Defendant's twenty-fifth affirmative defense is uncertain.   Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTY-SIXTH AFFIRMATIVE DEFENSE

40.   Defendant's twenty-sixth affirmative defense fails to state facts sufficient to constitute a defense.  Code of Civ. Proc. § 430.20(a).

41.   Defendant's twenty-sixth affirmative defense is uncertain.   Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42.   Defendant's twenty-seventh affirmative defense fails to state facts sufficient to constitute a defense.  Code of Civ. Proc. § 430.20(a).

43.   Defendant's twenty-seventh affirmative defense is uncertain.   Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTY-EIGHTH AFFIRMATIVE DEFENSE

44.   Defendant's twenty-eighth affirmative defense fails to state facts sufficient to constitute a defense.  Code of Civ. Proc. § 430.20(a).

45.   Defendant's twenty-eighth affirmative defense is uncertain.   Code of Civ. Proc. § 430.20(b).

### DEMURRER TO TWENTY-NINTH AFFIRMATIVE DEFENSE

46.   Defendant's twenty-ninth affirmative defense is uncertain.   Code of Civ. Proc. § 430.20(b).

1

## DEMURRER TO THIRTIETH AFFIRMATIVE DEFENSE

2   47.   Defendant's thirtieth affirmative defense fails to state facts sufficient to constitute a

3   defense.  Code of Civ. Proc. § 430.20(a).

4   48.   Defendant's thirtieth affirmative defense is uncertain. Code of Civ. Proc. § 430.20(b).

5   Dated: July 16, 2012                                    LAWYERS *for* JUSTICE, PC

6

7                                                    By: _____

8                                                          Edwin Aiwazian

                                                          *Attorneys for* Plaintiff

9

10

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ALADDIN ZACKARIA'S NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT
WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND FACTUAL SUMMARY

On August 3, 2012, Plaintiff Aladdin Zackaria ("Plaintiff") filed the Class Action Complaint in the above-captioned action against Defendant Wal-Mart Stores, Inc. ("Defendant").[1]   The Complaint is twenty-two pages long and alleges three causes of action seeking relief for violations of California Labor Code sections 510, 1194, 1198, and 2698, et seq. as well as violations of the California Business and Professions Code sections 17200, et seq.

On September 7, 2011, Defendant removed this matter from the Superior Court of the State of California for the County of San Bernardino.  On December 5, 2011, the United States District Court for the Central District of California remanded this matter back to the Superior Court for the County of San Bernardino.

On July 6, 2012, Defendant served and filed its Answer to Plaintiff's Class Action Complaint ("Answer"), containing thirty purported affirmative defenses.[2]   Plaintiff files this demurrer to Defendant's Answer on the basis that the entire Answer is uncertain.  Defendant's Answer does not contain sufficient specificity and supporting facts, and as such, it fails to meet the California pleading standard of "ultimate facts."  Plaintiff demurs pursuant to Code of Civil Procedure section 430.20(b) on the ground that Defendant's Answer is uncertain in its entirety.

Plaintiff further demurs to Defendant's second, fourth, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, and thirtieth affirmative defenses pursuant to California Code of Civil Procedure Section 430.20(a) on the ground that they do not contain facts sufficient to constitute affirmative defenses.

///

///

[1] Plaintiff respectfully requests that the Court take judicial notice of the Class Action Complaint filed on August 3, 2011.  Code of Civil Procedure § 430.70.

[2] Plaintiff respectfully requests that the Court take judicial notice of Defendant's Answer filed on or about July 6, 2012.  Code of Civil Procedure § 430.70.

-9-

1    Plaintiff further demurs to Defendant's first, second, third, fourth, seventh, eighth, ninth,

2  tenth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth,

3  twentieth, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-

4  seventh, twenty-eighth, twenty-ninth, and thirtieth affirmative defenses pursuant to California

5  Code of Civil Procedure Section 430.20(b) on the ground that they are uncertain.

6    Failure to sustain Plaintiff's demurrer would unnecessarily complicate discovery,

7  dispositive motions, and the trial of this action because Plaintiff would be forced to prosecute

8  this case in a vacuum of facts with respect to Defendant's defenses.   Unless the Court sustains

9  his demurrer, Plaintiff would suffer undue prejudice in the prosecution of this action and

10  undoubtedly face a profoundly more costly and lengthy discovery process.

11  **II.     LEGAL STANDARD**

12    Code of Civil Procedure section 430.30(a) provides:

13    When any ground for objection to a complaint, cross-complaint or answer appears on the

14  face thereof, or from any matter of which the court is required to or may take judicial notice, the

15  objection on that ground may be taken by a demurrer to the pleading.

16    Code of Civil Procedure Section 430.20 provides in pertinent part:

17    A party against whom an answer has been filed may object, by demurrer as provided in

18  Section 430.30, to the answer upon any one or more of the following grounds:

19    (a) The answer does not state facts sufficient to constitute a defense.

20    (b) The answer is uncertain.  As used in this subdivision, uncertain includes ambiguous

21       and unintelligible.

22    A party who has filed a complaint or cross-complaint may, within 10 days after service of

23  the answer, file a demurrer to the answer, which "may be taken to the whole answer or to any

24  one or more of the several defenses set up in the answer." Code Civ. Proc., § 430.40(b);  Code

25  Civ. Proc., § 430.50(b);  *see also California Trust Co. v. Gustason*, 15 Cal. 2d 268 (1940);  *South*

26  *Shore Land Co. v. Petersen*, 226 Cal. App. 2d 725 (1964).

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-10-

III.   **ARGUMENT**

    A.    <u>Defendant's Entire Answer Is Impermissibly Uncertain Because It Is Devoid</u>
            <u>Of Sufficient Specificity and Supporting Facts</u>

Code of Civil Procedure Section 431.30(b) provides:

The answer to a complaint shall contain:

    (1) The general or specific denial of the material allegations of the complaint controverted by the defendant.

    (2) A statement of any new matter constituting a defense.

    An affirmative defense must aver facts "as carefully and with as much detail as the facts which constitute the cause of action and which are alleged in the complaint." *FPI Development, Inc. v. Nakashima*, 231 Cal. App. 3d 367, 384 (1991). In other words, "the general requirement of stating the ultimate facts applies, and where particularity in pleading is necessary in a complaint, it is equally necessary in an affirmative defense involving the same issue." 5, Witkin, California Procedure (4th Ed.), Pleadings, § 1009, p. 463. Although pleadings should be construed liberally, this standard is not limitless. At the very least, the plaintiff should be apprised of the factual basis of the defense. *Khoury v. Manly's of California, Inc.*, 14 Cal. App. 4th 612, 616 (1993). An answer is improper if it "contains no averment of fact whatsoever and rests upon the naked, unsupported, legal conclusion of the pleader." *Metropolis Trust & Savings Bank v. Monnier*, 169 Cal. 592, 596 (1915).

    Defendant's Answer includes thirty purported affirmative defenses, all of which are vague and uncertain, offering only legal conclusions devoid of sufficient specificity and supporting facts. It appears Defendant filed its Answer without due consideration for the specific allegations of violations of the California Labor Code as well as the California Business and Professions Code Plaintiff asserted in his Class Action Complaint.

///
///
///
///

-11-

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    For example, Defendant sixteenth affirmative defense "Exempt" fails to include any

2  information from which Plaintiff can infer a factual basis for an exemption. (Answer 3:21-22.)

3  The California Labor Code defines three distinct exemptions: an administrative exemption, an

4  executive exemption, and a professional exemption. Cal. Lab. Code § 11040. Plaintiff cannot

5  decipher what "exemption" Defendant intends to refer to because Defendant does not indicate

6  which exemption it is purporting Plaintiff or other class members fall within, and fails to

7  include facts to support its contention that Plaintiff and the other class members are "exempt"

8  under any of the exemptions set out in the California Labor Code. Without such facts, this

9  defense is improperly pled. As such, this purported affirmative defense is deficient, and

10  similarly, the entire Answer is impermissibly uncertain.

11    Further, Defendant's third purported affirmative defense for "Failure to Mitigate

12  Damages" vaguely states that Plaintiff "had a duty to mitigate his alleged damages and injury but

13  failed to do so," and leaves Plaintiff with no further information regarding what such mitigation

14  opportunities were, or how Plaintiff failed to take advantage of them. (Answer 1:23-24.)

15  Likewise, Defendant's fourth purported affirmative defense for "Policy Violations" alludes to

16  Defendant having "policies" in place, and that Plaintiff failed to comply with those policies, but

17  fails to describe those policies or how Plaintiff allegedly failed to comply with those policies.

18  (Answer 1:27.) In addition, Defendant did not specify which cause of action those mitigating

19  activities were intended for. Similarly, in Defendant's seventh purported affirmative defense for

20  "Failure to Satisfy Prerequisites," Defendant alleges that Plaintiff "failed to satisfy the

21  prerequisites to bring an action pursuant to the Private Attorney General's Act," but did not

22  describe the prerequisites, or allege how Plaintiff failed to satisfy such prerequisites. (Answer

23  2:10-11.)

24    These are just a few examples of how Defendant has failed to plead sufficient facts,

25  rendering the Answer uncertain in its entirety. A review of Defendant's entire Answer reveals an

26  absence of sufficient facts or specificity to support the defenses alleged. Thus, Defendant's

27  entire Answer is uncertain as a matter of law, and Plaintiff's demurrer should be sustained.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-12-

**B.**   **Defendant's First, Second, Third, Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, And Thirtieth Affirmative Defenses are so Impermissibly Uncertain that Plaintiff Cannot Reasonably Prepare a Response.**

Due to a complete lack of legally sufficient supporting facts, Defendant's first, second, third, fourth, seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth affirmative defenses are so impermissibly uncertain that plaintiff cannot reasonably prepare a response.

For example, Defendant's twenty-second purported affirmative defense for "Statute of Limitations" states, "Plaintiff's claims are barred by the applicable statute(s) of limitations, specifically, California Code of Civil Procedure sections 337, 338, 339, 340, and 343 and California Business and Professions Code section 17208." (Answer 4:17-21.) Defendant's purported affirmative defense does not conform to the explicit requirement of California Code of Civil Procedure section 458 that, in pleading Statute of Limitations, a party must specify the subdivision of the statute on which the claim of Statute of Limitations is based. Further, Defendant fails to set forth any relevant fact to support its allegation that any of the cited statutes of limitations would bar any of Plaintiff's claims. Before the parties continue to litigate claims which are allegedly barred by a statute of limitations, Plaintiff is entitled to know on what basis Defendant claims that a specific statute of limitations bars Plaintiff's claims. *See* Cal. Code of Civ. Pro. §458 ("…if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred."). As demonstrated above, Defendant must also allege the ultimate facts that would constitute a statute of limitations defense. Accordingly, Defendant's twenty-second affirmative defense is legally deficient because it fails to plead ultimate facts rendering it impermissibly uncertain.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-13-

1    Additionally, Defendant's twenty-fourth purported affirmative defense for "Accord and

2    Satisfaction/Release" vaguely states, "Plaintiff's claims are barred, in whole or in part, pursuant

3    to an accord and satisfaction and/or are barred to the extent that Plaintiff or any putative class

4    member or other putative beneficiary has entered into or is otherwise bound by compromise,

5    settlement or release agreements regarding those claims." (Answer 5:3-5.)  Defendant does not

6    state one fact that would apprise Plaintiff of what the alleged "accord and satisfaction" or

7    "compromise, settlement or release agreements" were for, what consideration, if any, was given

8    as part of the alleged agreements, and to which claims specifically the agreements would apply.

9    If Plaintiff lacks standing in this case due to an accord and satisfaction, or other compromise,

10    settlement, or release agreement, a substitute putative class representative will need to be

11    designated.  Before Plaintiff incurs unnecessary expenses litigating this case as putative class

12    representative, Defendant must recite the facts which support its contention that Plaintiff's

13    claims are barred by release.

14    These are just a few examples of how Defendant's failure to allege facts sufficient to

15    constitute a defense or to allege its purported defenses with sufficient specificity renders

16    Defendant's   first, second, third, fourth, seventh, eighth, ninth, tenth, eleventh, twelfth,

17    fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-second,

18    twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-

19    ninth, and thirtieth affirmative defenses impermissibly vague and uncertain.

20    **C.**    **Defendant's First, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth,**

21    **Fourteenth, Fifteenth, Eighteenth, Twentieth, Twenty-Fifth, Twenty-Sixth,**

22    **Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, and Thirtieth Affirmative**

23    **Defenses Fail as a Matter of Law.**

24    Defendant's first, fourth, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth,

25    eighteenth, twentieth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth,

26    and thirtieth affirmative defenses are procedural arguments that do not constitute affirmative

27    defenses to the merits of Plaintiff's claims, and therefore fail for uncertainty under Code of Civil

28    Procedure section 430.20(b).  An "affirmative defense" is one which "sets forth facts from which

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-14-

1  it results that, notwithstanding the truth of the allegations of the complaint, no cause of action

2  existed in the plaintiff at the time the action was brought." *Salazar v. Maradeaga*, 10

3  Cal.App.4th Supp. 1, 5 (1992), quoting *Goddard v. Fulton*, 21 Cal. 430, 436 (1863); *Walsh v. W.*

4  *Valley Mission Cmty. College Dist.*, 66 Cal.App.4th 1532, 1541, fn.3 (1998); *see generally* 5

5  Witkin, Cal. Proc. 5th (2008) Plead, § 1082, p. 515.  Furthermore, an affirmative defense takes

6  the form of "yes, the allegations are true, but . . ." *FPI v. Nakashima*, 231 Cal. App. 3d 367, 383

7  (1991).  An affirmative defense admits that the cause of action in the complaint exists and has

8  been adequately plead, but at the same time attempts to avoid it on other grounds, as to which

9  defendant bears the burden. *Landis v. Morrisse*, 69 Cal. 83, 86 (1886).

10      Defendant's first purported affirmative defense for "Failure to State a Cause of Action" is

11  not an affirmative defense, but instead is a ground for demurrer.  (Answer 1:11-14.)  If

12  Defendant seeks dismissal of Plaintiff's Complaint on the grounds that it fails to state a claim

13  upon which relief may be granted, then Defendant should have filed a demurrer to Plaintiff's

14  Complaint.  Furthermore, Defendant completely fails to allege the ultimate facts supporting this

15  purported affirmative defense.  Accordingly, Defendant's mere recitation of the standard for a

16  demurrer is misplaced, and Plaintiff's demurrer should be sustained as to this defense.

17      Similarly, Defendant's twenty-fifth purported affirmative defense for "Confiscatory and

18  Unconstitutional Penalties," Defendant's twenty-sixth purported affirmative defense for "Rules

19  Enabling Act," Defendant's twenty-seventh purported affirmative defense for "Constitutional

20  Violation," and Defendant's twenty-ninth purported affirmative defense for "Punitive Damages

21  Unconstitutional" are each uncertain because they do not constitute an affirmative defense and

22  do not state facts sufficient to assert a valid affirmative defense.  (Answer 5:6-21; 6:1-6.)

23  Defendant cites no precedent to support these four purported constitutional defenses, and it

24  appears as though these purported defenses have no basis in fact or law.  Furthermore, an

25  objection to the constitutionality of a statute Defendant is being sued under is not an affirmative

26  defense.  If a claim violates the Constitution, Defendant need not plead it as an affirmative

27  defense because the court will handle it accordingly.  In addition, an objection to punitive

28  damages should be properly made after liability has been determined and the Court is in the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    process of deciding the amount of damages.  At that point, Defendant may object to punitive

2    damages on the basis that they are unconstitutional, but raising such an allegation is not

3    appropriate as an affirmative defense.  Accordingly, Plaintiff's demurrer as to Defendant's

4    twenty-fifth, twenty-sixth, twenty-seventh, and twenty-ninth purported affirmative defenses

5    should be sustained.

6         Further, Defendant's ninth purported affirmative defense is for "Class Action Not

7    Appropriate" and Defendant's twenty-eighth purported affirmative defense is for "Defenses

8    Against Classes."  (Answer 2:16-20; 5:22-26.)  These are both procedural allegations with

9    particular courses of action Defendant must properly pursue if it wishes; they are not affirmative

10   defenses to Plaintiff's allegations for violations of either the Labor Code or the Business and

11   Professions Code.  Defendant's ninth and twenty-eighth purported affirmative defenses

12   additionally do not contain sufficient facts to constitute an affirmative defense.

13        Accordingly, Plaintiff's demurrer should be sustained as to Defendant's first, fourth,

14   eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, eighteenth, twentieth, twenty-fifth,

15   twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth affirmative defenses

16   because these purported defenses fail as a matter of law. These do not constitute affirmative

17   defenses to the merits of Plaintiff's claims.

18   **D.**    **Defendant's Second, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth,**

19        **Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth,**

20        **Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth,**

21        **Twenty-Seventh, Twenty-Eighth, And Thirtieth Affirmative Defenses Fail to**

22        **State Facts Sufficient to Constitute an Affirmative Defense.**

23        Defendant's second, fourth, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth,

24   sixteenth, seventeenth, eighteenth, nineteenth, twenty-second, twenty-third, twenty-fourth,

25   twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, and thirtieth affirmative defenses fail

26   to state facts sufficient to constitute affirmative defenses, and leave Plaintiff uncertain as to the

27   basis for the purported defenses.  As demonstrated above, a defendant must plead an affirmative

28   defense with as much detail as if it were set forth in a complaint, and, at the very least, should

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-16-

1   apprise the plaintiff of the factual basis for the defense. *See FPI Development, Inc.*, 231 Cal.

2   App. 3d at 385; *Khoury*, 14 Cal. App. 4th at 616. Allegations in support of affirmative defenses

3   are inadequate if they are merely "proffered in the form of terse legal conclusions, rather than as

4   facts 'averred as carefully and with as much detail as the facts'" alleged in the complaint. *Id.* at

5   384. Before Plaintiff incurs further costs and expenses litigating this case as a putative class

6   action, Defendant must recite the ultimate facts to support its contentions.

7          For example, Defendant's tenth purported affirmative defense for "Conflict" vaguely

8   states, "Plaintiff's interests are in conflict with those of other alleges class members." (Answer

9   2:23.) However, Defendant's tenth purported defense is completely devoid of supporting facts

10  and offers no insight as to which of Plaintiff's interests, if any, conflict with the interests of the

11  other class members. If Plaintiff's interest conflict with the interests of the other class

12  members, a substitute putative class representative will need to be designated. Before Plaintiff

13  incurs unnecessary expenses litigating this case as putative class representative, Defendant must

14  recite the facts which support its contention that Plaintiff's interests conflict with those of other

15  class members.

16         Similarly, Defendant's twenty-third purported affirmative defense for

17  "Waiver/Estoppel" fails to apprise Plaintiff of how he or the other class members allegedly

18  waived their right to raise the claims alleged in the Complaint. Waiver and estoppel, when pled

19  as affirmative defenses, must be specifically pled with a recital of the ultimate facts. *See*

20  *Chalmers v. County of Los Angeles*, 175 Cal. App. 3d 461, 467 (1985); *Meyer Koulish Co. v.*

21  *Cannon*, 213 Cal. App. 2d 419, 432 (1963); *Fairfield v. Hagan*, 248 Cal. App. 2d 194, 205

22  (1967) (abrogated on other grounds by, *Lundquist v. Reusser*, 7 Cal. 4th 1193, (1994));

23  *Hayward Lumber & Invest. Co. v. Construction Products Corp.* 117 Cal. App. 2d 221, 228,

24  (1953). Defendant must allege the facts and circumstances relied upon and must specifically

25  allege the facts giving rise to these affirmative defenses with sufficient accuracy to disclose

26  those facts. *See Chalmers*, 175 Cal. App. at 467. Without such facts, these defenses are

27  improperly pled. Plaintiff is entitled to notice of the factual basis of the defenses, not just bare

28  allegations. However, Defendant's twenty-third affirmative defense fails to allege any factual

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-17-

1  basis supporting the contention that Plaintiff's lawsuit is barred by his own actions. Defendant

2  has not pled any facts whatsoever, rendering this affirmative defense impermissibly uncertain.

3        Plaintiff's demur as to Defendant's second, fourth, eighth, ninth, tenth, eleventh, twelfth,

4  fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twenty-second, twenty-

5  third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, and thirtieth

6  affirmative defenses should be sustain on the ground that these purported defenses fail to state

7  facts sufficient to constitute affirmative defenses.

8      **E.**    **Defendant's Thirtieth Affirmative Defense Directly Contradicts the Code of**

9          **Civil Procedure.**

10        Defendant's Answer purports to reserve the right to assert any additional unknown

11  defenses throughout this litigation in direct violation of the Code of Civil Procedure. Section

12  472 of the Code of Civil Procedure provides that a defendant has the right to amend its pleadings

13  only once without leave of court and before trial. However, Defendant's Answer asserts,

14  "Defendant reserves the right to amend its answer as additional facts, issues or defenses may be

15  discovered." (Answer 6:9-11.) To the extent Defendant is claiming an automatic, unilateral

16  right to amend its Answer, Defendant's Answer directly violates the Code of Civil Procedure.

17  Defendant has no "right" to amend its Answer to assert additional defenses once its time to

18  amend "as of right" has either expired or has been utilized. Otherwise, the "right" to amend is

19  vested solely within the discretion of the Court. Accordingly, Defendant's reservation of right to

20  amend its Answer is a legal nullity and is wholly invalid. In the event Defendant desires to

21  amend its Answer in the future, it may only do so like any other litigant, upon receipt of leave of

22  Court to amend. Plaintiff respectfully requests that his demurrer be sustained without leave to

23  amend as to Defendant's thirty-sixth affirmative defense.

24        Further, Defendant's Answer purports to reserve the right to recover attorney fees against

25  Plaintiff. (Answer 6:15.) However, employers are not permitted to recover fees when they

26  prevail in claims for unpaid minimum wages, unpaid overtime wages, failure to provide rest

27  breaks, failure to maintain accurate payroll, or any of the other claims raised by Plaintiff and the

28  other class members. Cal. Labor Code §§218.5; Cal. Labor Code §§1194; *Kirby v. Immoos*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

-18-

*Fire Protection, Inc.*, 53 Cal. 4th 1244, 1254-1255 (Cal. 2012).   Therefore Defendant is precluded from recovering fees on the grounds that Defendant alleges. California Labor Code section 218.5 only permits the recovery of attorneys' fees for a prevailing party in an action "brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions." Plaintiff does not seek wages in this lawsuit.  Rather, this is an action brought for Defendant's failure to permit Plaintiff access to and copies of his personnel record, for example, and for failure to provide legally compliant rest breaks, among other things.  As this is not an action for nonpayment of wages, section 218.5 has no applicability here.  Therefore Defendant is precluded from recovering fees on the grounds that Defendant alleges.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court sustain his Demurrer to Defendant's Answer.  Defendant has not alleged its Answer with any certainty, let alone with facts sufficient to constitute any defense as required by law.  Unless the Court sustains this demurrer, requiring Defendant to allege "ultimate facts," Plaintiff's right to prosecute this case will be unduly prejudiced and discovery will undoubtedly become more burdensome and more costly.

Dated: July 16, 2012

                                        LAWYERS *for* JUSTICE, PC

                                        By: _____
                                           Edwin Aiwazian
                                           *Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On July 16, 2012, I served the foregoing document(s) described as: **PLAINTIFF ALADDIN ZACKARIA'S NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Robert J. Herrington
Bryan J. Lazarski
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, California 90067

*Attorneys* for Defendant Wal-Mart Stores, Inc.

[X] **BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[X] **STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 16, 2012, at Glendale, California.

_____
Suzana Solis

*LAWYERS for JUSTICE, PC*
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PROOF OF SERVICE**

08/07/2012  14:23    9517790100           1ST LEGAL                           PAGE  03/15

FIRST LEGAL SUPPORT      (951)779-0100      00/00/2012

1    GREENBERG TRAURIG, LLP
     ROBERT J. HERRINGTON (SBN 234417)
2    BRYAN J. LAZARSKI (SBN 248349)
     2450 Colorado Avenue, Suite 400E
3    Santa Monica, CA 90404
     Telephone: 310-586-7700
4    Facsimile: 310-586-7800
     Email: HerringtonR@gtlaw.com;
5    LazarskiB@gtlaw.com

6    Attorneys for Defendant
     Wal-Mart Stores, Inc.

7

8

9              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SAN BERNARDINO

11

12   ALADDIN ZACKARIA; individually, and on        CASE NO.  CIV-RS-1107132
     behalf of other members of the general public
13   similarly situated, and on behalf of aggrieved   CLASS ACTION
     employees pursuant to the Private Attorneys
14   General Act ("PAGA");                          DEFENDANT WAL-MART'S AMENDED
                                                    ANSWER TO CLASS ACTION COMPLAINT
15            Plaintiff,                             OF ALADDIN ZACKARIA FOR DAMAGES
                                                    & ENFORCEMENT UNDER THE PRIVATE
16   v.                                             ATTORNEYS GENERAL ACT,
                                                    CALIFORNIA  LABOR §2698, ET. SEQ.
17   Wal-Mart STORES, INC., a Delaware
     corporation; and DOES 1 through 100,
18   inclusive,

19            Defendant.

20

21                                                  Complaint Filed: August 3, 2011
                                                    Jury Trial Date:  None Set:
22

23

24

25

26

27

28

     DEFENDANT'S AMENDED ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

     DEN 97,936,443v2 018436154800

---

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

AUG 0 7 2012

BY  Nicole Sartor
        NICOLE SARTOR, DEPUTY

1    Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), answers as follows the allegations stated in

2    Plaintiff Aladdin Zackaria's Class Action Complaint for Damages and Enforcement Under the Private

3    Attorneys General Act, California Labor Code §2698, *et seq.* (the "Complaint"):

### GENERAL DENIAL

5    In accordance with Section 431.30(d) of the California Code of Civil Procedure, Defendant

6    hereby generally denies each and every allegation contained in the Complaint. Defendant further denies

7    that Plaintiffs are owed or have sustained damages in the amount alleged or any amount whatsoever, and

8    denies that Plaintiffs are entitled to any legal relief of any kind against Defendant.

### AFFIRMATIVE DEFENSES

10   At this point, discovery in this action has not been commenced or accomplished in any fashion,

11   and, as such, Defendant reserves the right to amend its answer as additional facts, issues or defenses

12   may be discovered. For its separate and distinct affirmative defenses, Wal-Mart alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

15   The Complaint and each of the causes of action alleged therein fail to state facts sufficient to

16   constitute any existing cause of action against Wal-Mart. *See* Cal. Civ. Proc. Code § 430.80 (indicating

17   defense of failure to state a claim may be raised by demurrer or answer).

### SECOND AFFIRMATIVE DEFENSE

(Fault of Plaintiff)

20   Plaintiff cannot recover against Wal-Mart on any of the claims alleged in the Complaint because

21   his own actions or omissions, or other intervening or superseding causes of which Wal-Mart had no

22   control were the sole, proximate, and legal cause of any injuries or damages Plaintiff allegedly suffered,

23   which cannot form the basis for any liability of Wal-Mart. Among other things, Plaintiff applied for and

24   accepted Wal-Mart's offer of the position of Asset Protection Coordinator based upon his knowledge

25   that the position was an exempt management position and based upon his review of a job description

26   establishing that he would be required to regularly exercise independent judgment and discretion

27   regarding matters of importance if he accepted the position.

28

1

DEFENDANT'S AMENDED ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

*DEN 97,936,443v2 016436154800*

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff cannot recover against Wal-Mart on any of the claims alleged in the Complaint because Plaintiff had a duty to mitigate his alleged damages and injury but failed to do so. Among other things, Plaintiff applied for and accepted Wal-Mart's offer of the position of Asset Protection Coordinator based upon his knowledge that the position was an exempt management position and based upon his review of a job description establishing that he would be required to regularly exercise independent judgment and discretion regarding matters of importance if he accepted the position.

### FOURTH AFFIRMATIVE DEFENSE

(Policy Violations)

Plaintiff's claims are barred by his violations of Wal-Mart's policies. On information and belief, Plaintiff failed to perform certain job duties required of him by his job description, and thus would have been in violation of Wal-Mart's policies.

### FIFTH AFFIRMATIVE DEFENSE

(Duplicative Relief)

Plaintiff's claims are barred to the extent that they seek duplicative relief or amounts seeking more than a single recovery. This defense is based on the fact that the Complaint contains overlapping and duplicating causes of action. As a matter of law, Plaintiff is not entitled to duplicative relief for these overlapping causes of action.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Satisfy Prerequisites)

Plaintiff has failed to satisfy the prerequisites to bring an action pursuant to the Private Attorney General's Act, California Labor Code § 2698, *et. seq.* Among other things, this defense is based on the Plaintiff's failure to plead or otherwise provide facts demonstrating that he complied with the requirements of California Labor Code § 2699.3.

### SEVENTH AFFIRMATIVE DEFENSE

(Necessity of Individual Testimony)

Liability cannot be assessed without individual testimony from Plaintiff and each putative class

2

DEFENDANT'S AMENDED ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

member. Among other things, the defense is based on Plaintiff's failure to plead or otherwise provide facts showing that the class action requirements can be satisfied through common proof.

## EIGHTH AFFIRMATIVE DEFENSE

### (Class Action Not Appropriate)

Plaintiff and the putative class members have failed to satisfy the prerequisites to a class action, including, without limitation, adequacy, ascertainability, commonality, predominance, typicality, superiority and manageability. Among other things, the defense is based on Plaintiff's failure to plead or otherwise provide facts showing that the class action requirements can be satisfied through common proof.

## NINTH AFFIRMATIVE DEFENSE

### (Specific Proof of Damages)

The damages sought by Plaintiffs on behalf of the alleged class cannot be recovered without specific proof of injury and damage by each putative class member. *See, e.g.*, *In re Wackenhut Wage & Hour Cases,* (Cal. Super. Ct., No. 4545, 8/1/12).

## TENTH AFFIRMATIVE DEFENSE

### (No Violation)

Plaintiff and those allegedly similarly situated are not entitled to recover liquidated damages because Wal-Mart at all times acted in good faith and with reasonable grounds for believing that it had not violated any section of the California Labor Code. Among other things, this is defense is based on the fact that, shortly after the position was created, the United States Department of Labor examined the duties of the Asset Protection Coordinator at a number of stores. The Department of Labor concurred with Wal-Mart's assessment that the position was properly classified as exempt.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exempt)

Plaintiff and those allegedly similarly situated were, at all times relevant to this action, exempt from the overtime provisions of state and federal law. Wal-Mart created the Asset Protection Coordinator (now Asset Protection Manager) position as an exempt salaried management position requiring the exercise of independent judgment and discretion in matters of importance to Wal-Mart.

3

1  Asset Protection Managers are required to exercise independent judgment and discretion in performing
2  all of their principal duties.  Since the creation of the position, additional job duties have been added to
3  the position, including most importantly the responsibility to supervise Asset Protection Associates.
4  Shortly after the position was created, the United States Department of Labor examined the duties of the
5  Asset Protection Coordinator at a number of stores.  The Department of Labor concurred with Wal-
6  Mart's assessment that the position was properly classified as exempt.  Further, even though Wal-Mart
7  relied upon the administrative exemption in classifying its asset protection coordinators as exempt when
8  the position was first created, many of Wal-Mart's Asset Protection Managers now supervise two or
9  more asset protection associates, and are therefore exempt executive employees.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Good Faith)

12       The classification of Plaintiff and those allegedly similarly situated as exempt employees was
13  made in good faith and with reasonable grounds for believing that such classification was proper under
14  the law.       Indeed, shortly after the position was created, the United States Department of Labor
15  examined the duties of the Asset Protection Coordinator at a number of stores.  The Department of
16  Labor concurred with Wal-Mart's assessment that the position was properly classified as exempt.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Reliance on Administrative Opinion)

19       Plaintiffs' claims should be dismissed, in whole or in part, because Wal-Mart relied in good faith
20  on a written administrative regulation, order, ruling, approval and/or interpretation issued by the United
21  States Department of Labor's Wage and Hour Division.  Shortly after the position was created, the
22  United States Department of Labor examined the duties of the Asset Protection Coordinator at a number
23  of stores.  The Department of Labor concurred with Wal-Mart's assessment that the position was
24  properly classified as exempt.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

27       Plaintiff is not entitled to equitable relief because Plaintiff has adequate remedies at law.  Among
28  other things, this defense is based on the fact that Plaintiff has sought damages.

4

DEFENDANT'S AMENDED ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

DEN 97,936,443v2 016436154800

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Compensation Paid)

Plaintiff and those allegedly similarly situated have been paid all compensation and monies due and owed for all work performed. Among other things, Plaintiff and those allegedly similarly situated received all compensation to which they were legally entitled because they were properly classified as exempt employees

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute(s) of limitations, specifically, California Code of Civil Procedure Sections 337(1), 338(a), (d), 339(1), 340(a), (b) and 343 and California Business and Professions Code Section 17208.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Waiver/Estoppel)

Plaintiff's Complaint and each cause of action attempted to be stated therein, is barred, in whole or in part, by the doctrine of waiver/estoppel. Among other things, Plaintiff and others allegedly similarly situated knowingly and voluntarily accepted hiring and/or promotion to the APC position based upon their knowledge that the position was classified as an exempt position and required the performance of exempt duties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction/Release)

Plaintiff's claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff or any putative class member or other putative beneficiary has entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims. Certain members of putative class have signed releases of claims in connection with their separation from Wal-Mart and/or in settlement of other litigation. These putative class members are barred from additional relief in this case.

5

<div align="center">

**NINETEENTH AFFIRMATIVE DEFENSE**

(Confiscatory and Unconstitutional Penalties)

</div>

Plaintiff, putative class members, or other putative beneficiaries of this action are not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections invoked establish penalties that are unjust, arbitrary, oppressive and confiscatory, within the meaning of California Labor Code section 2699 and are disproportionate to any damage or loss incurred as a result of Wal-Mart's conduct, and are unconstitutional under Article I, Section VII, of the California Constitution.

<div align="center">

**TWENTIETH AFFIRMATIVE DEFENSE**

(Constitutional Violation)

</div>

Adjudication of Plaintiff's claims as a class action would violate Wal-Mart's right to due process and a jury trial as provided in the constitutions of the United States and California.

<div align="center">

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Punitive Damages Unconstitutional)

</div>

Any claims of Plaintiff seeking penalties, punitive or exemplary damages are barred, in whole or in part, because the imposition of such damages in this case would violate the due process and excessive fines clauses under the United States and California Constitutions. *State Farm v. Campbell*, 538 U.S. 408 (2003).

**WHEREFORE**, Wal-Mart prays for judgment as follows:

1.   For judgment in favor of Wal-Mart and against Plaintiff;

2.   That all relief sought in the Complaint against Wal-Mart be denied;

3.   For costs of suit and attorneys' fees incurred under applicable law to the extent the Court deems appropriate, and

4.   For such other and further relief as the court deems proper.

<div align="center">

6

DEFENDANT'S AMENDED ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

</div>

1  DATED:  August 7, 2012                    GREENBERG TRAURIG, LLP

2

3                                            By:  _____

4                                                   Robert J. Herrington
                                             Attorneys for Defendant Wal-Mart Stores, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S AMENDED ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA

DEN 97,936,443v2 016436154800

1 <div align="center">**PROOF OF SERVICE**</div>

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      I am employed in the aforesaid county, State of California; I am over the age of 18 years and not
a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles,
4 CA 90067-2101.  My email address is hagemane@gtlaw.com.

5      On August 7, 2012, I served the document(s) described as **DEFENDANT WAL-MART'S
AMENDED ANSWER TO CLASS ACTION COMPLAINT OF ALADDIN ZACKARIA FOR**
6 **DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR §2698, ET. SEQ.** on the interested parties in this action by placing the true
7 copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

8    R. Rex Parris, Esq.                          Edwin Aiwazian, Esq.
   Alexander R. Wheeler, Esq.                   Maria F. Nickerson
9    Kitty K. Szeto, Esq.                         LAWYERS FOR JUSTICE, PC
   R. REX PARRIS LAW FIRM                       410 West Arden Ave., Ste. 203
10   43364 10th Street West                       Glendale, CA 91203
   Lancaster, CA 93534                          T: (818) 265-1020; F: (818) 265-1021
11   T: (661) 949-2595; F: (661) 949-7524

12

13

14 ☐   **(BY MAIL)** I deposited such envelope in the mail at Los Angeles, California.  The envelope
     was mailed with postage thereon fully prepaid.  I am readily familiar with the business practice
15    of my place of employment in respect to the collection and processing of correspondence,
     pleadings and notices for mailing with United States Postal Service.  The foregoing sealed
16    envelope was placed for collection and mailing this date consistent with the ordinary business
     practice of my place of employment, so that it will be picked up this date with postage thereon
17    fully prepaid at Los Angeles, California, in the ordinary course of such business.

18 ☒   **(BY FEDERAL EXPRESS)** I am readily familiar with the business practice of my place of
     employment in respect to the collection and processing of correspondence, pleadings and notices
19    for delivery by Federal Express.  Under the practice it would be deposited with Federal Express
     on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary
20    course of business.  I am aware that on motion of the party served, service is presumed invalid if
     delivery by Federal Express is more than one day after date of deposit with Federal Express.

21
 ☒   **(STATE)**      I declare under penalty of perjury under the laws of the State of California that the
22    foregoing is true and correct.

23 ☐   **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I
     am employed at the office of a member of the bar of this Court at whose direction the service
24    was made.

25    Executed on August 7, 2012, at Los Angeles, California.

26

27                              Ellen Hageman

28

FIRST LEGAL SUPPORT     (951)779-0100     00/00/2012

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

AUG 07 2012

BY _____ DEPUTY

1  GREENBERG TRAURIG, LLP
   ROBERT J. HERRINGTON (SBN 234417)
2  BRYAN J. LAZARSKI (SBN 248349)
   2450 Colorado Avenue, Suite 400E
3  Santa Monica, CA 90404
   Telephone: 310-586-7700
4  Facsimile: 310-586-7800
   Email: HerringtonR@gtlaw.com;
5  LazarskiB@gtlaw.com

6  Attorneys for Defendant
   Wal-Mart Stores, Inc.

7

8

9            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SAN BERNARDINO

11

12 ALADDIN ZACKARIA; individually, and on       CASE NO.  CIV-RS-1107132
   behalf of other members of the general public
13 similarly situated, and on behalf of aggrieved  **CLASS ACTION**
   employees pursuant to the Private Attorneys
14 General Act ("PAGA");                          **DEFENDANT WAL-MART'S RESPONSE TO**
                                                  **PLAINTIFF'S DEMURRER TO ANSWER**
15       Plaintiff,

16 v.

17 Wal-Mart STORES, INC., a Delaware             Hearing: August 20, 2012
   corporation; and DOES 1 through 100,          Hearing Time: 8:30 a.m.
18 inclusive,                                     Hearing Place: Department R-9
                                                 *(Demurrer Moot Based on Filing of*
19       Defendant.                              *Amended Answer)*

20

21                                               Complaint Filed: August 3, 2011
                                                 Jury Trial Date:  None Set:
22

23

24

25

26

27

28

                        DEFENDANT'S RESPONSE TO DEMURRER

DEN 97,938,751v1 010438184800

1   Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), responds to Plaintiff's Demurrer as follows:

2   The Demurrer is moot and should be taken off calendar. "Any pleading may be amended once

3   by the party of course, and without costs, at any time before the answer or demurrer is filed, or after

4   demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a

5   copy on the adverse party." Cal. Code Civ. Proc. § 472; *see also* Cal. Code. Civ. Proc. § 422.10 (answer

6   is a "pleading"); *Barton v. Khan*, 157 Cal. App. 4th 1216, 1221 (2007) (affirming right to amend as a

7   matter of course before the hearing on the demurrer). Where a party files an amended pleading before

8   the hearing on a demurrer, the clerk should take the demurrer off calendar. *Id.*; *Avalon Painting Co. v.*

9   *Alert Lumber Co.*, 234 Cal. App. 2d 178, 182 (1965) ("amended pleadings completely supersede all

10   prior pleadings and extinguish them for the purposes of demurrer").

11   In his Demurrer, Plaintiff took the position that several of Wal-Mart's defenses were not

12   "affirmative defenses," in that Plaintiff, and not Wal-Mart, has the burden of proof on those issues. In

13   reliance on Plaintiff's position, Wal-Mart is filing an Amended Answer that removes certain defenses on

14   which Plaintiff represents that he has the burden of proof and clarifies and expands on other defenses.

15   By filing this Amended Answer, Wal-Mart does not waive any defense or right to challenge liability,

16   damages, or Plaintiff's request for class certification. The hearing on Plaintiff's Demurrer is set for

17   August 20, 2012. Wal-Mart's Amended Answer, filed concurrently herewith, is thus timely filed.

18   Consequently, the Demurrer is moot and should be taken off calendar.

19

20   DATED: August 7, 2012                GREENBERG TRAURIG, LLP

21

22                                        By: _____

23                                        Robert J. Herrington
                                          Attorneys for Defendant Wal-Mart Stores, Inc.

24

25

26

27

28

DEN 97,938,751v1 016436154800

1

<div align="center"><strong>PROOF OF SERVICE</strong></div>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles,

4

CA 90067-2101. My email address is hagemane@gtlaw.com.

5

On August 7, 2012, I served the document(s) described as **DEFENDANT WAL-MART'S RESPONSE TO PLAINTIFF'S DEMURRER TO ANSWER** on the interested parties in this action

6

by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

7

| R. Rex Parris, Esq. | Edwin Aiwazian, Esq. |
| Alexander R. Wheeler, Esq. | Maria F. Nickerson |
| Kitty K. Szeto, Esq. | LAWYERS FOR JUSTICE, PC |
| R. REX PARRIS LAW FIRM | 410 West Arden Ave., Ste. 203 |
| 43364 10th Street West | Glendale, CA 91203 |
| Lancaster, CA 93534 | |

8

9

10

11

12

☐ **(BY MAIL)** I deposited such envelope in the mail at Los Angeles, California. The envelope

13

was mailed with postage thereon fully prepaid. I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence,

14

pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business

15

practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

16

☒ **(BY FEDERAL EXPRESS)** I am readily familiar with the business practice of my place of

17

employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express

18

on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if

19

delivery by Federal Express is more than one day after date of deposit with Federal Express.

20

☒ **(STATE)**     I declare under penalty of perjury under the laws of the State of California that the

21

foregoing is true and correct.

22

☐ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service

23

was made.

Executed on August 7, 2012, at Los Angeles, California.

24

25

Ellen Hageman

26

27

28

1  R. Rex Parris, State Bar No. 96567
2  Alexander R. Wheeler, State Bar No. 239541
   Douglas Han, State Bar No. 232858
3  Kitty Kit Yee Szeto, State Bar No. 258136
   **R. REX PARRIS LAW FIRM**
4  43364 10th Street West
   Lancaster, CA 935934
5  Telephone   (661) 949-2595
6  Facsimile   (661) 265-7524

7  Edwin Aiwazian, State Bar No. 232943
   Arby Aiwazian, State Bar No. 269827
8  Jill J. Parker, State Bar No. 274230
9  Maria F. Nickerson, State Bar No. 274225
   **LAWYERS *for* JUSTICE, PC**
10 410 West Arden Avenue, Suite 203
   Glendale, California 91203
11 Telephone   (818) 265-1020
   Facsimile   (818) 265-1021
12

13 *Attorneys for* Plaintiff

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                **FOR THE COUNTY OF SAN BERNARDINO**

16
   ALADDIN ZACKARIA; individually, and on          Case No. CIV-RS-1107132
17 behalf of other members of the general public
   similarly situated, and on behalf of aggrieved   Honorable Barry L. Plotkin
18 employees pursuant to the Private Attorneys       Department R-9
   General Act ("PAGA");
19                                                   **CLASS ACTION**
              Plaintiff,
20                                                   **NOTICE OF TAKING DEMURRER TO**
       vs.                                           **ANSWER OFF-CALENDAR**
21
   WAL-MART STORES, INC., a Delaware
22 corporation and DOES 1 through 100, inclusive,   Complaint Filed: August 3, 2011
                                                     Jury Trial Date:  None Set
23            Defendants.

24

25

26

27

28

────────────────────────────────────────────

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE that the hearing on Plaintiff Aladdin Zackaria's ("Plaintiff"),

3   Demurrer to the Defendant Wal-Mart Stores, Inc.'s ("Defendant") Answer to Plaintiff's Class

4   Action Complaint set for August 20, 2012, at 8:30 a.m. in Department R-9 of the Superior Court

5   for the State of California, County of San Bernardino, located at 8303 Haven Avenue, Rancho

6   Cucamonga, California 91730, is now off-calendar.

7

8   Date: August 10, 2012

                                LAWYERS *for* JUSTICE, PC

9

10

11                By: _____

                          Edwin Aiwazian

12                          *Attorneys for* Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PROOF OF SERVICE**

1

2    *STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

3

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18

4    and not a party to the within action.  My business address is 410 West Arden Avenue, Suite 203,

5    Glendale, California 91203.

6        On August 10, 2012, I served the foregoing document(s) described as:  **NOTICE OF**

7    **TAKING DEMURRER TO ANSWER OFF-CALENDAR** on interested parties in this action

     by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

8

9    Robert J. Herrington
     herringtonr@gtlaw.com

10   Bryan J. Lazarski
     lazarskib@gtlaw.com

11   GREENBERG TRAURIG, LLP
     1840 Century Park East, 19th Floor

12   Los Angeles, California 90067

13   *Attorneys* for Defendant Wal-Mart Stores, Inc.

14

15   [X]    **BY U.S. MAIL**
            As follows:  I am "readily familiar" with the firm's practice of collection and processing

16          correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal
            Service on that day with postage thereon fully prepaid at Los Angeles, California in the

17          ordinary course of business.  I am aware that on motion of the party served, service is
            presumed invalid if postal cancellation date or postage meter date is more than one day

18          after date of deposit for mailing an affidavit.

19   [X]    **BY E-MAIL**
            The above-referenced document was transmitted to the person(s) at the e-mail addresses

20          listed herein at their most recent known e-mail address or e-mail of record in this action.
            I did not receive, within reasonable time after the transmission, any electronic message or

21          other indication that the transmission was unsuccessful.

22   [X]    **STATE**
            I declare under penalty of perjury under the laws of the State of California that the above

23          is true and correct.

24   Executed on August 10, 2012, at Glendale, California.

25

26

27                                         Suzana Solis

28

---

**PROOF OF SERVICE**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EXHIBIT B

**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01418 VAP (DTBx)                    Date:  December 5, 2011

Title:     ALADDIN ZACKARIA, INDIVIDUALLY AND ON BEHALF OF OTHER
           MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED -v-
           WAL-MART STORES, INC., et al.
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

           Marva Dillard                        None Present
           Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

           None                                 None

PROCEEDINGS:     MINUTE ORDER GRANTING PLAINTIFF'S MOTION TO
                 REMAND (DOC. NO. 13) (IN CHAMBERS)

     On September 7, 2011, Defendant Wal-Mart Stores, Inc. (hereafter "Wal-
Mart") removed this putative class action from the California Superior Court for the
County of San Bernardino, alleging that it meets the requirements for removal under
the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005):  (1)
the proposed class contains at least 100 members; (2) Wal-Mart is not a state, state
official or other governmental entity; (3) the total amount in controversy exceeds
$5,000,000; and (4) there is diversity between at least one class member and Wal-
Mart.  (Not. of Removal (Doc. No. 1) ¶ 8; see 28 U.S.C. § 1332(d).)

MINUTES FORM 11                        Initials of Deputy Clerk ___md___
CIVIL -- GEN                Page 1

EDCV 11-01418 VAP (DTBx)
ALADDIN ZACKARIA, INDIVIDUALLY AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED  v. WAL-MART STORES, INC., et al.
MINUTE ORDER of December 5, 2011

On September 30, Plaintiff Aladdin Zackaria filed a Motion to Remand (Doc. No. 13), arguing that Wal-Mart has failed to meet its burden in proving that the amount in controversy in this case exceeds $5,000,000.  Wal-Mart filed an Opposition (Doc. No. 15) on October 17, and Zackaria filed a reply on October 24 (Doc. No. 16).  For the reasons discussed below, the Court agrees with Zackaria, GRANTS Zackaria's Motion, and remands this action to the California Superior Court for the County of San Bernardino.

## I. BACKGROUND

Plaintiff Aladdin Zackaria, an asset protection coordinator ("APC") at a Wal-Mart store in San Bernardino County, brought this lawsuit against Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on behalf of himself and "[a]ll current and former California-based salaried 'Asset Protection Coordinators,' or persons who held similar job titles and/or performed similar job duties . . . for Defendant[] within the State of California from four years preceding the filing" of his complaint until judgment.  (See Compl. (Doc. No. 1 Ex. A) ¶ 13.)  Zackaria alleges Wal-Mart "engage[s] in a uniform policy and systematic scheme of wage abuse" by misclassifying APCs as salaried, rather than hourly, employees, therefore failing to pay them for overtime hours or missed meal and rest breaks.  (Compl. ¶¶ 19, 27.)  In so doing, Zackaria contends, Wal-Mart:  (1) violates California Labor Code §§ 510, 1194, and 1198; (2) violates California Labor Code §§ 2698 et seq., and; (3) violates California Business & Professions Code §§ 17200 et seq.  (See Compl. ¶¶ 53-97.)  As to Zackaria alone, the alleged violations entail liability for Wal-Mart of less than $75,000; as to the putative class, including Zackaria, they entail liability of more than $25,000.  (see Compl. ¶ 1, p. 20.)

In removing the case to this Court, Wal-Mart argues that expanding Zackaria's claims to the putative class will necessarily result in an amount in controversy over $5,000,000.  Wal-Mart contends that from August 2007 through the filing of its notice of removal, nearly 400 people were APCs in California; if each sought only $12,500 in damages, the action would reach the Court's jurisdictional threshold.  (Not. of Removal ¶¶ 17-18.)

MINUTES FORM 11
CIVIL -- GEN                          Page 2                 Initials of Deputy Clerk ___md___

EDCV 11-01418 VAP (DTBx)
ALADDIN ZACKARIA, INDIVIDUALLY AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED v. WAL-MART STORES, INC., et al.
MINUTE ORDER of December 5, 2011

Moreover, Wal-Mart alleges under the statutory violations Zackaria pled, for each putative class member, Wal-Mart would be liable for:  (1) under California Labor Code § 2699(f)(2), $100 for the first pay period in which an alleged violation occurred, and $200 for each subsequent pay period in which a violation occurred; (2) under California Code of Regulations, Title 8, § 11070(20)(A), $50 for each initial violation, and $100 for each subsequent violation, and; (3) under California Labor Code § 210, $100 for each initial violation, and $200, plus 25 percent of any unlawfully withheld wages, for each subsequent violation.  (Not. of Removal ¶ 19.) Wal-Mart then posits that if there are 26 pay periods per year, or 104 pay periods over four years, and each class member suffered a violation in 26 of those pay periods, "then the amount in controversy for the penalties alone would be $5,100,000."  (Id.)

In turn, Zackaria contends Wal-Mart's supposition is a just-so story, assuming an affected number of employees, over an arbitrary number of pay periods, in order to reach the necessary amount in controversy.  (See generally Mot. to Remand at 6-10.)  Wal-Mart rebuts this charge by pointing, as evidence, to declarations made by class members in other class actions involving APCs, including one involving another APC in the store where Zackaria is allegedly employed.  (See generally Opp'n at 10-12.)  In reply, Zackaria argues the Court should refuse to consider allegations that first appeared in Wal-Mart's Opposition (rather than in its Notice of Removal), and in any event, the facts Wal-Mart presents in its Opposition are insufficient to meet its burden of proving the amount in controversy.  It is to Wal-Mart's burden that the Court now turns.

## II. LEGAL STANDARD

As does any other removing defendant, a defendant removing a case from state to federal court under CAFA faces a strong presumption against removal.  See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (listing cases); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.").

EDCV 11-01418 VAP (DTBx)
ALADDIN ZACKARIA, INDIVIDUALLY AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED v. WAL-MART STORES, INC., et al.
MINUTE ORDER of December 5, 2011

When the removed complaint fails to allege a specific amount in controversy, and the amount in controversy is disputed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is greater than $5,000,000. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (citing Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)). When the complaint alleges an amount in controversy less than the jurisdictional threshold, a removing defendant must prove with "legal certainty" that the threshold is actually met. Guglielmino, 506 F.3d at 699 (citing Lowdermilk v. U.S. Bank Nat'l Ass'n,479 F.3d 994, 1000 (9th Cir. 2007)). If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject-matter jurisdiction.

### III. DISCUSSION

To oppose Zackaria's Motion to Remand successfully, Wal-Mart must get to five-million-and-one dollars, by a preponderance of the evidence, from a number that is – taking Zackaria's allegations as true – somewhere "in excess of twenty-five thousand . . . ." (Compl. p. 20.) To accomplish this task, Wal-Mart may rely on "'summary judgment-type evidence relevant to the amount in controversy at the time of removal.'" Abrego Abrego, 443 F.3d at 690 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). This includes declarations of the sort Wal-Mart submitted in this case. The problem, however, is not with the type of evidence Wal-Mart submitted; as it observes, an affidavit (Wal-Mart submitted declarations) can be used to satisfy its burden. Verizon Comm'cns, 627 F.3d at 397. Wal-Mart's attempt to remove the action fails because the information in its proffered declarations remains speculative.

Wal-Mart's Notice of Removal manages to reach the $5,000,000 jurisdictional threshold by assuming: (1) the approximately 400 people who were APCs during the relevant period each seek $12,500, or; (2) statutory violations occurred for 26 pay periods (every pay period for an entire year) for each class member. (Not. of Removal ¶¶ 18-19.) In order to substantiate those claims, Wal-Mart's evidence would have to suggest some reason for its choice of $12,500 as a per-member estimate of damages (other than that 400 x $12,500 = $5,000,000), or alternately,

EDCV 11-01418 VAP (DTBx)
ALADDIN ZACKARIA, INDIVIDUALLY AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED  v. WAL-MART STORES, INC., et al.
MINUTE ORDER of December 5, 2011

suggest a reason to assume that violations occurred for 26 pay periods across the class (other than that it would result in $5,100,000 in statutory penalties).

Wal-Mart's evidence does nothing to support either of those suppositions. The declarations of Ronald Lance (Doc. Nos. 2 and 15-2) establish only the number of APCs in California during the relevant time period, and the current salary range for those APCs. They do not provide any basis for determining the number of alleged violations Wal-Mart committed against those APCs, and so provide little support for Wal-Mart's $12,500-per-member contention. The Lance declarations further fail to provide any reason for assuming a violation occurred for each class member in 26 pay periods over the course of the relevant time period. Nor do Kelly Dobbs Bunting's declaration, and the exhibits attached thereto (Doc. No. 15-1), provide any support for Wal-Mart's calculations. Moreover, the exhibits, which are declarations submitted by APCs in other actions against Wal-Mart, are hearsay and therefore are not "summary judgement-type evidence" that can support Wal-Mart's jurisdictional allegations. See, e.g., In re Sunset Bay Assocs., 944 F.2d 1503, 1513-14 (9th Cir. 1991) (observing that hearsay statements are inadmissible at summary judgment).

Wal-Mart, in common with other defendants seeking to remove under CAFA, faces the following dilemma. It need not rebut Zackaria's argument, that Wal-Mart's removal is supported by conjecture, by proving the putative class members' damages for them. Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (quoting McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). On the other hand, Wal-Mart cannot meet its own burden in removing the case with only "speculation and conjecture." Dupre v. Gen. Motors, No. CV-10-00955RGK(Ex), 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010) (quoting Lowdermilk, 479 F.3d at 1002). Here, Wal-Mart offers speculation and conjecture. Its supporting declarations do not support Wal-Mart's jurisdictional allegations factually; the allegations therefore remain speculation and conjecture, insufficient to meet Wal-Mart's burden in removing the action.

Plaintiffs in class actions "may plead conservatively to secure a state forum," as long as those pleadings are made in good faith. Lowdermilk, 479 F.3d at 1003; id. at 998-99. Plaintiffs are, after all, masters of their own complaints. Holmes

MINUTES FORM 11
CIVIL -- GEN                    Page 5

Initials of Deputy Clerk ___md___

EDCV 11-01418 VAP (DTBx)
ALADDIN ZACKARIA, INDIVIDUALLY AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED v. WAL-MART STORES, INC., et al.
MINUTE ORDER of December 5, 2011

Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). The Ninth Circuit therefore cautions that courts should "assur[e] that removal occurs once the jurisdictional facts supporting removal are evident," so as to "guard[] against premature and protective removals . . . ." Harris, 425 F.3d at 698. Here, Wal-Mart removed Zackaria's putative class action from state court within a month of service, and apparently before anything at all transpired in state court. Compare Abrego Abrego, 443 F.3d at 691 (affirming the remand of a case in which the defendant removed the action "a mere seven days" after the plaintiffs filed an amended complaint, "and less than a month after the case was filed"). Rather than moving ahead, relying largely upon conjecture, Wal-Mart could have waited for evidence that it is more likely than not that the amount in controversy requirement in this case is satisfied. See Abrego Abrego, 443 F.3d at 691. At this time, however, the Court finds Wal-Mart fails to satisfy its burden in invoking the Court's jurisdiction. Accordingly, the Court GRANTS Plaintiff's Motion to Remand, and remands the case to the California Superior Court for the County of San Bernardino.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand (Doc. No. 13).

**IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 6



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive and
Clerk of Court

Date: Dec. 6, 2011

San Bernardino County Superior Court
8303 Haven Avenue
Rancho Cucamonga, CA  91730-3848

Re:  Case Number: <u>EDCV 11-1418 VAP (DTBx)</u>

Previously Superior Court Case No.  <u>CIVRS1107132</u>

Case Name: <u>Aladdin Zackaria v. Wal-Mart Stores Inc et al</u>

Dear Sir / Madam:
   Pursuant to this Court's ORDER OF REMAND issued on <u>Dec. 5, 2011</u>, the
above-referenced case is hereby remanded to your jurisdiction.

   Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this
Court.

   Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it
to our office.  Thank you for your cooperation.

Respectfully,

Clerk, U. S. District Court

By: <u>M. Mead</u>
    Deputy Clerk

☐ Western   ☒ Eastern   ☐ Southern Division

*cc: Counsel of record*

=================================================================================
Receipt is acknowledged of the documents described herein.

Clerk, Superior Court

By: _____

_____        Deputy Clerk
Date

CV - 103 (09/08)          **LETTER OF TRANSMITTAL - REMAND TO SUPERIOR COURT (CIVIL)**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2101. My email address is hagemane@gtlaw.com.

On September 6, 2012, I served the document(s) described as **NOTICE OF REMOVAL BY DEFENDANT WAL-MART STORES, INC. PURSUANT TO 28 U.S.C. SECTION 1332(D)(2) (CAFA)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

> R. Rex Parris, Esq.
> Alexander R. Wheeler, Esq.
> Kitty K. Szeto, Esq.
> R. REX PARRIS LAW FIRM
> 43364 10th Street West
> Lancaster, CA 93534
> T: (661) 949-2595; F: (661) 949-7524

☒ **(BY NORCO OVERNITE)** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Norco overnite. Under the practice it would be deposited with Norco overnite on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Norco overnite is more than one day after date of deposit with Norco overnite.

**AND TO:**

> Edwin Aiwazian, Esq.
> Maria F. Nickerson
> LAWYERS FOR JUSTICE, PC
> 410 West Arden Ave., Ste. 203
> Glendale, CA 91203
> T: (818) 265-1020; F: (818) 265-1021

☒ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 6, 2012, at Los Angeles, California.

_____
Ellen Hageman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 1520 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| ALADDIN ZACKARIA, individually and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") | WAL-MART STORES, INC., a Delaware corporation and DOES 1-100, inclusive |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| R. Rex Parris; Kitty Szeto<br>R. REX PARRIS LAW FIRM<br>42220 10th Street West, Suite 109<br>Lancaster, CA 93534<br>Tel: 661-949-2595; Fax: 661-949-7524 | ROBERT J. HERRINGTON (SBN 234417)<br>GREENBERG TRAURIG, LLP<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>Tel: 310-586-7800; Fax: 310-586-7800<br>e-mail: HerringtonR@gtlaw.com |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ tt5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332(d) and 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 12 - 01520 SPx

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s): EDCV-11-1418-VAP-DTB

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): EDCV-11-1418-VAP-DTB; EDCV-10-1327-VAP-DTB

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Wal-Mart Stores, Inc. is incorporated in Delaware and has its principle place of business in Arkansas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | The case purports to certify a class-action covering current and former employees of Wal_mart throughout California |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date September 6, 2012
Robert J. Herrington, Esq., Attorney for Defendant Wal_mart Stores, Inc.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2101.  My email address is hagemane@gtlaw.com.

On September 6, 2012, I served the document(s) described as **CIVIL CASE COVER SHEET** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

> R. Rex Parris, Esq.
> Alexander R. Wheeler, Esq.
> Kitty K. Szeto, Esq.
> R. REX PARRIS LAW FIRM
> 43364 10th Street West
> Lancaster, CA 93534
> T: (661) 949-2595; F: (661) 949-7524

☒ **(BY NORCO OVERNITE)** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Norco overnite.  Under the practice it would be deposited with Norco overnite on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if delivery by Norco overnite is more than one day after date of deposit with Norco overnite.

## AND TO:

> Edwin Aiwazian, Esq.
> Maria F. Nickerson
> LAWYERS FOR JUSTICE, PC
> 410 West Arden Ave., Ste. 203
> Glendale, CA 91203
> T: (818) 265-1020; F: (818) 265-1021

☒ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

☐ **(STATE)**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 6, 2012, at Los Angeles, California.

_Ellen Hageman_
Ellen Hageman