GREENBERG TRAURIG, LLP
Robert J.  Herrington (SBN 234417)
Alana C.  Srour (SBN 271905)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (310) 586-7700
Facsimile:  (310) 586-7800
Email:      herringtonr@gtlaw.com; sroura@gtlaw.com

Attorneys for Defendant
Wal-Mart Stores, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALADDIN ZACKARIA; individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"); <br><br>                Plaintiff(s), <br><br> vs. <br><br> WAL-MART STORES, INC., a Delaware corporation and DOES 1 through 100, inclusive <br><br>                Defendant(s). | CASE NO.  5:12-cv-01520-FMO-SPx <br><br> **CLASS ACTION** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> [Magistrate Judge:  Hon. Sheri Pym] <br><br> Hon. Fernando M. Olguin <br><br> Trial Date:   None Set <br><br> Complaint Filed:  August 3, 2011 |

[PROPOSED] STIPULATED PROTECTIVE ORDER

DEN 98268762v3

The parties have stipulated to a Protective Order as follows:

**A.      LIMITED SCOPE OF ORDER**

1.      In this Action, the parties expect to exchange confidential information regarding their respective products that are the subject of this litigation.  The parties have stipulated to the entry of this protective order governing the exchange and use of confidential documents and information in discovery.  This Order does not govern or restrict the use of any document or information (including information designated as confidential under this order) at trial in any manner whatsoever.  When and if the case proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial.

2.      Further, this Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the court records in this case.

3.      Nothing in this order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from the use or disclosure of information that is publicly known.  Further, nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

**B.      GOOD CAUSE STATEMENT**

4.      In discovery in this case, the parties will be required to exchange commercially and competitively sensitive information, as well as confidential employment information.  Good cause exists for the Court to enter this Protective Order because Defendant could be prejudiced by the dissemination of any confidential, sensitive, and proprietary documents and trade secrets as defined in California Civil Code §§ 3426, et seq.  These documents include proprietary training materials, proprietary programs for asset protection and security, personal and private disciplinary

1

DEN 98268762v3

or other records of employees, confidential financial information, and business activities to which the Parties or third parties would not otherwise have access, including information regarding strategies and analyses, the disclosure of which could harm the businesses involved.  The disclosure of this information may cause competitive injury and/or other harm to Defendant and/or would unnecessarily invade the privacy of a third party.

5. This overriding interest overcomes the right the public may have to access this type of information, and, given the nature of the dispute, privacy concerns of employees and the competitive nature of the retail industry, there is a substantial probability that Defendant's interest will be prejudiced if it is not provided the protections afforded by this Order.  Defendant shall use reasonable efforts to minimize the amount of material designated as Confidential.  Accordingly, good cause exists, and the parties hereby stipulate to and request the Court to enter the following Stipulated Protective Order.

6. Good cause exists for the designation of information as "Confidential" when the information has not been revealed to the public and the information falls into one of the following categories:

(a) proprietary training materials and proprietary programs for asset protection and security such as Exhibits "EE," "GG," "LL," "MM," "OO," "PP," "SS," and "TT;"

(b) personal or private information about any officer, employee, or other individual third party such as Exhibit "UU;"

(c) personal and private disciplinary or other records of employees such as Exhibit "NN;"

(d) commercially sensitive financial or business information, and business activities to which the Parties or third parties would not otherwise have access, the disclosure of which information would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained, such

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

as Exhibits "AA," "BB," "CC," "DD," "FF," "HH," "II," "JJ," "KK," "QQ," "RR," and "WW."

       7.     The parties shall use reasonable efforts to minimize the amount of material designated as Confidential.

       8.     This Protective Order applies to such Confidential information furnished in this litigation regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third-party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third-party during this Action. Such materials are collectively referred to as "Discovery Materials" in this Protective Order.

## C.    PROCEDURE FOR DESIGNATION

       9.     "Designating Party" may designate Discovery Materials "Confidential" meeting the standards set forth in paragraph 6 by taking the following actions:

       (a)     With respect to documents, discovery responses, or other written materials furnished by the Designating Party in paper, as tiff images, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing, or otherwise marking on each page of a document containing Confidential Information the words "**CONFIDENTIAL**." Electronic documents produced as tiff images shall be marked in accordance with this paragraph 4(a).

       (b)     With respect to Confidential Information furnished by the Designating Party in a non-paper medium, e.g., video or audio tape, computer discs, CD-roms, DVDs, etc., the Designating Party may designate all information therein as "Confidential" by affixing the appropriate legend to the outside of the medium or container.

[PROPOSED] STIPULATED PROTECTIVE ORDER

10.     With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue.  The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits.  The separately bound deposition material shall be marked in accordance with its designation  "CONFIDENTIAL TRANSCRIPT." Alternatively, the Designating Party may, within a reasonable time after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (page and lines) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

### D.     USE AND DISCLOSURE OF DESIGNATED MATERIAL

11.     Information and materials designated "Confidential" shall be used only for prosecuting or defending this Action, except that a party may use its own Confidential Information for whatever purposes it chooses.

12.     Information and materials designated "**CONFIDENTIAL**'' may only be disclosed to the following individuals:

(a)     The recipient party and officers, directors, and/or employees of the recipient party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(b)     Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(c)     Court staff, court reporters, and videographers involved in this litigation;

(d)     Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

(e)   Third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated, or received the Discovery Material before the Action commenced; or (2) before disclosure of the Confidential Information counsel for the parties agree the Confidential Information may be shown to the deponent; or (3) the Court has determined that the Confidential Information may be shown to the deponent in ruling on a party's objection.  Except for when the third party or witness previously created, generated, or received the Discovery Material, and except for Exhibits "AA," "BB," "CC," "DD," EE," "FF," "GG," "HH," "II," "JJ," "KK," "LL," "MM," "NN" (as redacted), "OO," "PP," "QQ," "RR," "SS," "TT," "UU" (as redacted) and "WW," a third party witness shall not be shown the material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.  This requirement for party agreement or Court determination does not apply to expert witnesses or consultants.

**E.   FILING OF DESIGNATED MATERIAL IN PRE-TRIAL PROCEEDINGS**

17.   Except for Exhibits "AA," "BB," "CC," "DD," EE," "FF," "GG," "HH," "II," "JJ," "KK," "LL," "MM," "NN" (as redacted) "OO," "PP," "QQ," "RR," "SS," "TT," "UU" (as redacted) and "WW," the parties must comply with Local Rule 79-5 for filing confidential information with the Court in any pre-trial proceeding in this action.  If the recipient party files or seeks to file with the Court material that another party has designated Confidential under this Order, the recipient party shall simultaneously file an application to seal the records pursuant to Local Rule 79-5 that references this Order and that specifically sets forth the terms of this paragraph.  Within 48 hours after service of the application to seal (or within such other time as may be ordered by the Court), the designating party must either:  (a) inform the recipient party that it does not object to the filing of the information in the public record, at which point

5

[PROPOSED] STIPULATED PROTECTIVE ORDER

the filing party must withdraw the application; or (b) file papers in support of the application setting forth the factual and legal basis for the request to seal the records. The designating party bears the burden of proving that the materials meet the standards for sealing the records.  In meeting that burden, a party may not rely on its own designation of material as "confidential" under this protective order.

### F.    CHALLENGES TO DESIGNATION

18.    A party may challenge the designation of any material as Confidential under this protective order under the procedures set forth in Local Rules 37-1 through 37-4.  If the parties are unable to resolve the issue informally pursuant to 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rule 37-2 through 37-4.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if no protective order is granted.

19.    This Order is without waiver of or prejudice to, and specifically reserves the rights and remedies of any party to apply to the Court for a determination, for good cause shown, that:  (a) persons not provided for in this Order may or may not receive Confidential information; or (b) this Order be modified or vacated.  Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful, and must comply with Local Rules 37-1 to 37-4 or other applicable rule.

### G.    SUBPOENA IN ANOTHER ACTION

20.    In the event any person, party, or entity having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce the Confidential Information, that person or party shall promptly, within five (5) business days:

(a)    notify, in writing, the attorneys of record of the Designating Party;

[PROPOSED] STIPULATED PROTECTIVE ORDER

DEN 98268762v3

(b)  notify, in writing, the attorneys of record, or other representatives if there is no attorney of record, of all persons having an interest in maintaining the confidentiality of the Confidential Information and who are known to the recipient of the subpoena, process or order;

(c)  furnish all persons notified pursuant to subsections a and b, above, a copy of the subpoena or other process or order; and

(d)  provide reasonable cooperation with respect to all procedures to protect the Confidential Information undertaken by those with an interest in protecting the confidentiality of the Confidential Information.

21.  If, after receiving the notification set forth in paragraph 20, the Designating Party makes no motion to quash or modify the subpoena despite a reasonable opportunity to do so (or does not otherwise resolve the issue with the subpoenaing party), the person, entity, or party receiving the subpoena or other process or order shall be entitled to comply, provided that person, party, or entity has fulfilled its obligations pursuant to this Order.

**H.  TERM OF ORDER**

22.  This Order does not govern or restrict the use of any document or information (including information designated as confidential under this order) at trial in any manner whatsoever.  When and if the case proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial.

23.  If the action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction to enforce its terms.  In such a case, all materials, including copies, containing information designated as Confidential Information shall be returned to the Producing Party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period:  Within 30 days after final termination of this Action either by

7

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  consensual dismissal with prejudice, after final appellate review has been obtained, or

2  after the time for appeal has lapsed without the filing of an appeal by either of the parties.

3  Each party shall provide to the Designating Party a declaration certifying compliance

4  with this paragraph.

5        24.    If the action is concluded prior to the commencement of trial,

6  regardless of any other provision of this Order, one copy of all pleadings filed in the

7  Action may be retained by counsel of record for each party, and shall be sealed,

8  designated and stored as "Confidential Information Pursuant to Court Order" and shall

9  remain subject to the terms of this Order.

10        25.    The designation of any information, documents, or things as

11  Confidential Information pursuant to this Protective Order shall not, in and of itself, raise

12  any inference as to the confidentiality of any information, documents, exhibits, or things

13  marked for identification purposes or introduced into evidence at the trial of this

14  litigation.  Nothing in this Protective Order shall preclude any party from seeking

15  confidential treatment from the Court with respect to such information, documents,

16  exhibits, or things or from raising any available objections, including without limitation

17  objections concerning admissibility, materiality, and privilege.  The parties to this

18  Protective Order expressly reserve at this time a determination as to the manner in which

19  Confidential Information may be used in an evidentiary hearing or at trial.  Special

20  procedures or in camera treatment, if any, shall be determined in the future.

21  **I.    NO WAIVER**

22        26.    The disclosure of Confidential Information pursuant to discovery or

23  the procedures set forth in this confidentiality order shall not constitute a waiver of any

24  trade secret or any intellectual property, proprietary, privacy, or other rights to or in such

25  information.

26  / / / /

27  / / / /

28  / / / /

8

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

27.    The inadvertent disclosure of information protected by the attorney-client, work product, or other applicable privilege or protection in this litigation shall not constitute a waiver of any valid claim of privilege.  Further, failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter, unless the producing party seeks to rely on the privileged material in this litigation.  A party that discovers that it has inadvertently produced privileged information shall promptly request its return.  The privileged documents together with all copies thereof shall be returned forthwith to the party claiming privilege.  Any notes or other work product made from the documents in question shall be returned along with the documents themselves or destroyed, as appropriate.  The party claiming privilege shall thereafter promptly produce a privilege log listing the documents in question and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

**J.    CONTINUING JURISDICTION**

29.    This Court shall have continuing jurisdiction to modify, enforce, interpret, or rescind this Protective Order, notwithstanding the termination of this action, including, but not limited to, issues arising out of the enforcement and interpretation of Exhibit A.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 19, 2013             GREENBERG TRAURIG, LLP


By:  /s/Robert J. Herrington
       Robert J.  Herrington, Esq.
       Alana C.  Srour, Esq.
       Attorneys for Defendant Wal-Mart Stores, Inc.

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

DEN 98268762v3

DATED: August 19, 2013            R.  REX PARRIS LAW FIRM


                                  By:  /s/ Kitty Szeto
                                       R.  Rex Parris, Esq.
                                       Alexander R.  Wheeler, Esq.
                                       Kitty Szeto, Esq.
                                  Attorneys for Plaintiff
                                  Aladdin Zackaria


DATED: August 19, 2013            LAWYERS FOR JUSTICE PC


                                  By:  /s/ Edwin Aiwazian
                                       Edwin Aiwazian, Esq.
                                  Attorneys Plaintiff Aladdin Zackaria

        Pursuant to L.R. 5-4.3.4(a)(2)(i), the undersigned  hereby attests that all other

signatories listed, and on whose behalf the filing is submitted, concur in the filing's

content and have authorized the filing.



                                  By: /s/Robert J. Herrington
                                       Robert J.  Herrington, Esq.

        The Court approves the foregoing Protective Order submitted by the parties, and

its terms shall govern all information disclosed and documents and data produced in this

Action.

        IT IS SO ORDERED.


DATED: August 22, 2013               /s/ Sheri Pym
                                  Hon. Sheri Pym
                                  United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

DEN 98268762v3

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2013 in the case of *Aladdin Zackaria v. Wal-Mart Stores, Inc.*, USDC CENTRAL DISTRICT OF CALIFORNIA, CASE NO. 5:12-cv-01520-FMO-SPx.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

A-1

[PROPOSED] STIPULATED PROTECTIVE ORDER

DEN 98268762v3