# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALADDIN ZACKARIA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation, et al.<br><br>Defendants. | Case No. ED CV 12-1520 FMO (SPx)<br><br>**ORDER RE: MOTION FOR CLASS CERTIFICATION** |

Pending before the court is plaintiff's Motion For Class Certification ("Motion"). Having reviewed and considered all the briefing filed with respect to the Motion, the court concludes as follows.

Aladdin Zackaria ("plaintiff") filed this wage and hour class action against Wal-Mart Stores, Inc. ("defendant") on August 3, 2011, in the San Bernardino County Superior Court. (See Notice of Removal, Exh. A ("Complaint")). Defendant removed the case to this court on September 6, 2012, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff brings this action individually and on behalf of individuals currently and formerly employed by defendant as Asset Protection Coordinators ("APC"). Plaintiff alleges that defendant knowingly misclassified him and "other class members . . . as 'exempt' employees [under state law] and paid them on a salary basis, without any compensation for overtime hours worked, missed meal periods or rest breaks." (Complaint at ¶ 19). Plaintiff asserts claims for: (1) failure to pay all overtime wages, Cal. Lab. Code §§ 510, 1194 & 1198; (2) failure to pay minimum wage, Cal. Lab. Code §§ 1194

& 1197; (3) rest period violations, Cal. Lab. Code § 226.7; (4) meal period violations, Cal. Lab. Code §§ 226.7 & 512; (5) wage statement violations, Cal. Lab. Code § 226; (6) waiting time penalties, Cal. Lab. Code §§ 201-03; (7) failure to maintain accurate records, Cal. Lab. Code § 1174; (8) failure to timely pay wages during employment, Cal. Lab. Code § 204; (9) unlawful business practices, Cal. Bus. & Prof. Code § 17200, et seq.; and (10) civil penalties under the Private Attorneys General Act, Cal. Lab. Code § 2698, et seq. ("PAGA"). (See Complaint at ¶¶ 53-97).

Plaintiff now seeks certification of the following class: "All current and former California-based salaried Asset Protection Coordinators/Asset Protection Managers (or persons who held similar job titles and/or performed similar job duties) who worked for Defendant Wal-Mart Stores, Inc. in the State of California from four years preceding the filing of this lawsuit[, August 3, 2011,] to final judgment." (Notice of Motion at 1).

"[A] class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2550 (2011) (internal quotation marks and citation omitted). Plaintiff bears the burden of making a prima facie showing that class certification is appropriate. Gonzalez v. SimplexGrinnell LP, 289 F.R.D. 463, 464 (N.D. Cal. 2013) (citing In re Northern Dist. of Cal. Dalkon Shield IUD Prod. Liab. Litig., 693 F.2d 847, 854 (9th Cir. 1982), cert. denied, 459 U.S. 1171 (1983)); Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976). To that end, a district court may certify a class only if plaintiff proves that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Second, a court may certify an action only if "at least one of the requirements of Rule 23(b)" is satisfied. Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979-80 (9th Cir. 2011). One of those requirements, as relevant here, provides that: "[a] class action may be maintained if . . . [1] the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] that a class action is superior to

other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff, as the proponent of the motion seeking class certification, has the initial burden "of affirmatively demonstrating that the class meets the requirements of Federal Rule of Civil Procedure 23." Mazza v. American Honda Motor Co., Inc., 666 F.3d 581, 588 (9th Cir. 2012); United Steel Workers v. ConocoPhillips Co., 593 F.3d 802, 807 (9th Cir. 2010) ("The party seeking class certification bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met."). Class certification is proper only "if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372 (1982). In short, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule - that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart, 131 S.Ct. at 2551 (emphasis in original).

Here, plaintiff's Motion is deficient. Plaintiff filed a Summary of Evidence in Support of the Motion on August 5, 2013, a Revised Additional Summary of Evidence in Support of the Motion ("Summary of Evidence" or "SOE") on November 5, 2013, and 1,448 pages of documentary evidence in support of the Motion. (See, generally, Plaintiff's Appendix of Evidence in Support of Plaintiff's Motion for Class Certification; Exhibits "AA" Through "WW" in Support of Plaintiff's Motion For Class Certification ("Appendix of Evid.")); and Declaration of Alexander R. Wheeler in Support of Plaintiff's Reply to Motion for Class Certification). The Summary of Evidence is a 104-page document listing 161 factual statements with citations to plaintiff's supporting evidence. (See, generally, Summary of Evidence).

"The efficient management of judicial business mandates that parties submit evidence responsibly." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 775 (9th Cir. 2002). Based on the court's review of the Summary of Evidence, plaintiff fails to provide competent evidence to allow this court to make adequate findings in adjudicating the Motion. Plaintiff has utterly failed in this obligation, and the court therefore declines to embark on an expedition through 1,448 pages of

documents in order to ascertain the facts he submits. Throughout his Summary of Evidence, plaintiff purports to prove his factual statements by citing to documents, some voluminous, without pincite citations, as well as to irrelevant deposition testimony. He also mischaracterizes the cited testimony in a manner that burdens the court to rewrite the factual statements to reflect what the cited evidence actually holds. Some examples of plaintiff's counsel's inability to submit evidence in a responsible manner are set forth below:

- Plaintiff states that "[i]f the store's hazardous waste or food is leaking, the APC is required to correct the problem and clean up any spills." (SOE at ¶ 39). To support this proposition, plaintiff cites to "PA 922-928 [Ex. KK] (Routines)" and "PA 268 [Ex. 5.C] (Roberto Depo. at 126:7-25)." (See id.). First, the page bearing bates number PA 922 is a cover page with the text "Exhibit 'KK,'" and it is therefore unnecessary to bring this page to the court's attention. Second, pages PA 923-28 contain lists of duties or practices in very small font, and it is not the court's duty to scour the lists in each of the six pages in search of evidence supporting plaintiff's factual statement. Rather, plaintiff must provide the court with pincites to the evidence and parentheticals. See Orr, 285 F.3d at 775 (holding that a failure to provide pinpoint citations to the record in a statement of facts "alone warrants exclusion of the evidence"). Finally, the cited deposition testimony relates to safety meetings and safety practices generally, and says nothing about hazardous waste, and therefore does not support this factual statement. (See Appendix of Evid., Exh. KK: Deposition of Roberto Alvarez at 126:7-25).[1]

- Plaintiff asserts that "[s]ome of the National Priorities' tasks are similar to those enumerated on the APC Routine." (See SOE at ¶ 93). In support, plaintiff asks the court to "*Compare* PA 1012-1148 [Ex. OO] (National Priorities) *with* PA 922-928 [Ex. KK] (APC Routines)." (Id.). The court will not comb through and study nearly 150

---

[1] The short cites to deposition transcripts shall be done using the last name of the deponent, and not the first name, as plaintiff did with the deposition of Roberto Alvarez.

4

pages to determine whether the two documents are "similar," as asserted by plaintiff. Likewise, plaintiff states that "studies have concluded that it takes, on average, approximately 22.5 hours each week to complete all the APC National Priorities," and cites generally to a 52-page document. (See SOE at ¶ 122, citing to PA 1349-1402 [Ex. TT]). Again, plaintiff provides no pincite, and apparently expects the court to, on its own, locate evidentiary support for plaintiff's proposition in the 52-page document. Further, there is no identifying or explanatory information on the face of the cited document to allow the court to determine what information is contained therein, and plaintiff has failed to supply such an explanation. (See id.). Accordingly, without more, Exhibit TT is meaningless.

- Plaintiff states that "[e]very day, APCs are required to conduct a morning safety and security tour[,]" but his own cited evidence fails to show that safety and security tours were required to take place in the "morning," or even "everyday." (See SOE at ¶ 40).

As the courts have often admonished litigants, "'[j]udges are not like pigs, hunting for truffles buried in briefs.'" Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (alternation in original). It is not the task of the court "to scour the record in search of a . . . fact," Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotation marks and citation omitted), nor to "excavate masses of papers in search of revealing tidbits–not only because the rules of procedure place the burden on the litigants, but also because [its] time is scarce." Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662-63 (7th Cir. 1994). "It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Indeed, "[i]f the . . . court . . . searches the whole record, in practical effect, the court becomes the lawyer for the [moving party], performing the lawyer's duty of setting forth specific facts [and evidence]." Id. at 1031. Further, if the court "must examine reams . . . of paper looking for genuine issues of fact, as though the judge were the adverse party's lawyer, an enormous amount of time is taken away from other litigants." Id. For

these reasons, the court will not entertain or undertake an examination of the Motion's merits. The court will instead deny the Motion without prejudice, and give plaintiff one final opportunity file a another motion for class certification that complies with the requirements set forth below.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion For Class Certification ("Motion") **(Document No. 39)** is **denied without prejudice**.

2. Defendant's Motion To Strike Declarations Filed In Support of Plaintiff's Motion for Class Certification **(Document No. 68)** is **denied** as **moot**.

3. If plaintiff wishes to pursue his Motion, he is granted leave to file a Revised Motion for Class Certification, curing the defects as discussed in this Order. Plaintiff is warned that any statement of fact submitted without competent evidence will be deemed unsupported. In addition, failure to comply with the requirements set forth in this Order will result in the Revised Motion being denied with prejudice.

4. Prior to filing the Revised Motion for Class Certification, the parties shall meet and confer, in person, to narrow and crystallize the issues to be argued in any motion for class certification. The meet and confer shall take place on **February 28, 2014**, at **10:00 a.m.** at the offices of plaintiff's counsel. The meet and confer shall be transcribed by a court reporter and the transcript of the motion shall be filed with the revised motion. The parties shall discuss *each issue* to be raised in the revised motion, as well as the law and evidence relevant to that issue, so that the parties' briefing may reflect that they are fully cognizant of the other side's position(s). If the briefing reveals that the parties are not on the same page with respect to the issues and position(s) presented, the motion shall be stricken.

5. Joint Brief: The parties shall work cooperatively to create a single, *fully integrated* joint brief covering each party's position, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The joint brief shall set out each issue (or sub-issue), including legal argument and direct citation to the evidence, followed seriatim by the response with respect to that issue (or sub-issue), including legal argument and direct

citation to evidence. <u>The parties shall not include new substantive factual or legal issues not included already in the briefing relating to the Motion denied herein</u>.

    a. <u>Citation to Evidence</u>: All citation to evidence in the joint brief shall be directly to the exhibit and page number(s) of the evidentiary appendix, <u>see</u> <u>infra</u> at ¶ 7, and page and line number(s) of a deposition, where applicable. Parenthetical explanations are encouraged. The parties shall cite to relevant evidence to support factual assertions throughout the joint brief. Failure to cite to evidence in support of a factual assertion shall be deemed the party's admission that the party lacks evidence of that fact. Evidence not cited by a party in the joint brief shall be deemed admitted to be irrelevant.

    b. <u>Unnecessary Sections</u>: The parties need not include a "procedural history" section, since the court would be familiar with the procedural history. The court is also familiar with the general standard for class certification, so that need not be argued. However, if a party believes a specialized standard is applicable, the party may brief such a standard. If preliminary issues – such as burden of proof, standard of review, or choice of law – are in dispute, the parties shall brief such issues in accordance with ¶ 5, <u>supra</u>.

    c. <u>Page Limitation</u>: Each separately-represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities. Repetition shall be avoided and, as always, brevity is preferred. Leave for additional space will be given only in extraordinary cases. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

6. <u>Statement of Facts</u>: Each party shall file a Statement of Facts document consisting of a three-column table, as follows:

    a. The first column shall contain the number of the statement of fact alleged by a party to be material. All statements of fact shall be sequentially numbered.

    b. The second column shall contain a plain statement of the fact. Neither legal arguments nor conclusions constitute facts.

c. The third column shall contain citation to evidence in the party's evidentiary appendix. See infra at ¶ 7. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of evidence shall be included. Citations to the evidentiary appendices, shall conform both to the guidance set forth in this Order and in paragraphs two and three of the Court's Order of October 31, 2013.

7. Evidentiary Appendices: Each party shall file a tabbed appendix of declarations and written evidence (including documents, photographs, deposition excerpts, etc.). See Local Rule 7-6. Depositions, see Local Rule 32-1, and physical exhibits shall be lodged separately. The evidentiary appendices shall include a table of contents. Large appendices shall be divided into separate Slant D-Ring binders and tabbed as discussed in paragraph one of the Court's Order of October 31, 2013.

8. Evidentiary Objections: All necessary evidentiary objections shall be made in the relevant section(s) of the joint brief.

9. Timing: The Motion shall be properly noticed under the Local Rules, see Local Rule 6-1, and filed in compliance with Local Rule 7-3.

a. No later than fourteen (14) calendar days after the meet and confer conference, plaintiff shall, by 4:00 p.m., personally deliver (in Word or WordPerfect format) or e-mail his portion of the joint brief to defendant's counsel, together with a copy of his Statement of Evidence and evidentiary appendix.

b. Upon receipt of plaintiff's portions of the joint brief, defendant's counsel shall incorporate defendant's portions into the joint brief. By no later than fourteen (14) days following receipt of plaintiff's portions of the joint brief, defendant's counsel shall provide the final integrated brief bearing her/his signature to plaintiff's counsel for signature and filing.

c. No later than 12:00 p.m. on the day following plaintiff's receipt of defendant's integrated brief as set forth above, plaintiff's counsel shall file its renewed motion (joint brief), statements of fact, and evidentiary appendix. Plaintiff shall notice the renewed motion for hearing under the Local Rules.

    d. No later than 4:00 p.m. on the day plaintiff files his renewed motion, defendant shall file his statements of fact and evidentiary appendix.

    e. Each party shall lodge their own deposition transcripts and other evidence as required, as well as deliver copies to chambers.

    f. Any untimely or non-conforming motion will be denied.

  10. <u>Reply Brief</u>: After the joint brief is filed, and no later than fourteen (14) days prior to the hearing date, plaintiff may file a reply memorandum of points and authorities. The reply memorandum shall not exceed fifteen (15) pages in length.

  11. <u>Failure to Comply with this Order</u>: If it appears from the joint brief that the parties have not discharged their Local Rule 7-3 obligations in good faith, that the parties have not worked to fully integrate the document, or that the parties have otherwise failed to fully comply with this Order, the renewed motion shall be stricken, and the parties shall be required to repeat the process. If it appears that a party is primarily responsible for the parties' failure to properly file an adequate joint brief, that party shall be subject to appropriate sanctions.

Dated this 21st day of February, 2014.

                        /s/
                   Fernando M. Olguin
                 United States District Judge